[Civ. No. 14267.   Second Dist., Div. Three.   Sept. 6, 1944.]

ERWIN P. WERNER, Appellant, v. HEARST PUBLICA-
TIONS, INC. (a Corporation) et al., Respondents.

Erwin P. Werner, in pro. per., for Appellant.

William T. Coffin and Roscoe C. Andrews for Respondents.

WOOD (Parker), J.—Plaintiff appeals from a judgment of dismissal which was based upon orders sustaining defendants' general demurrers to plaintiff's third amended complaint without leave to amend.

The third amended complaint alleged in substance as follows: that at all times therein mentioned plaintiff was a duly licensed attorney at law, of good character and reputation as a citizen and attorney at law; that in 1937 plaintiff filed an action for defamation of character [the name of defendant was not stated]; that at said time plaintiff's wife sued defendant "Hearst Publications Inc." for defamation of character, and plaintiff was one of the attorneys of record in said action; that at said time plaintiff sued defendant "Hearst Publications Inc." for trespass and invasion of his right of privacy; that said defendant "employed the law firm of Lawler, Felix & Hall and gave to them the exclusive control over the defense" of said causes; that said actions were tried during April, May and June, 1941, and plaintiff was a witness in said causes; that a mistrial resulted and the causes were set for retrial; that for many years prior to the filing of the complaint herein, "the defendants wilfully and unlawfully conspired together . . . to injure and defame the plaintiff in his good name and reputation and in pursuance thereof, did maliciously, and without probable cause, instigate and cause to be filed with the State Bar of California, a disbarment proceeding, asking that plaintiff show cause why he should not be disbarred for violation of his oath and duties as an attorney . . . and the commission of acts involving moral turpitude and dishonesty"; that the particulars of said charges were in exhibit "A" attached to the complaint therein; that "said complaint" was filed with the State Bar on December 12, 1941; that "although said Order to Show Cause does

state that: 'Preliminary investigation of the above entitled matter having been made pursuant to the provisions of Rule 10 of the Rules of Proceedure of the State Bar of California, during the course of which preliminary investigation you were given an opportunity to be heard,' '' the respondent [plaintiff herein] was not given an opportunity to be so heard; that plaintiff ''is informed and believes and therefore alleges that said Committee of the State Bar was actuated and influenced to issue the said Order to Show Cause against this plaintiff by a letter addressed to . . . a special investigator for the State Bar, dated August 14th, 1941, by the defendants . . . said letter stating substantially in effect that the plaintiff . . . appeared in the consolidated cases [the two concerning defamation of character] . . . both as attorney and as a witness and that as such witness gave 'false testimony' ''; that ''by the use of the words 'false testimony' the defendants intended that it should be made to appear to the State Bar that the plaintiff herein was guilty of perjury, a crime involving moral turpitude''; that the State Bar relied upon said statements in said letter and issued the Order to Show Cause in substantially the same language as the language used in said letter; that plaintiff could not attach to said complaint a copy of said letter because the defendants, ''as part of this conspiracy,'' prevailed upon the State Bar to refuse plaintiff the right to see the letter; that defendants, in order to cause the State Bar to issue the Order to Show Cause, failed to make a full and fair disclosure of all the testimony which defendants contended was false; that plaintiff was compelled to employ a lawyer to defend him ''before the Administrative Committee of the State Bar and before the Board of Governors''; that ''at the hearing before the Administrative Committee the State Bar was represented by a prosecutor, that the trial committee consisted of three members of the State Bar, both sides introduced evidence which was taken down by a shorthand reporter and the committee made its findings of fact and recommendations to the Board of Governors''; that said findings of fact were as follows: '' 'That the respondent [plaintiff herein] . . . has not violated his oath and duties as an attorney . . . and that the acts complained of in the Order to Show Cause did not constitute acts amounting to moral turpitude and dishonesty''; that ''the matter did

. . . come for review before the Board of Governors . . . at which time said cause was dismissed''; that the ''prosecution of said disbarment proceedings'' was made by defendants through ill will and malice toward plaintiff, with ''intent to injure him in his social position and as a citizen and in his reputation as an attorney''; that by reason of such acts plaintiff was humiliated and disgraced, and his reputation as a lawyer and citizen suffered detriment and damage; and that plaintiff prayed for general and punitive damages in certain amounts.

The order to show cause, attached to said complaint as exhibit ''A,'' stated in part: ''Preliminary investigation of the above entitled matter having been made pursuant to the provisions of Rule 10 of the Rules of Proceedure of the State Bar of California, during the course of which preliminary investigation you were given an opportunity to be heard. Now, Therefore, You are hereby notified to be an_ appear before Local Administrative Committee No. Six . . . then and there to show cause if any you have, why you should not be disciplined for professional misconduct.''

The proceeding before The State Bar was instituted by The State Bar by the issuance of the notice to show cause, a copy of which was attached to the third amended complaint. It appears from the notice to show cause that the proceeding was instituted by The State Bar after it had made a preliminary investigation. The plaintiff, as heretofore stated, alleged in his third amended complaint that although the order to show cause stated that during the course of the preliminary investigation he was given an opportunity to be heard that he was not given an opportunity to be so heard. Plaintiff did not allege, however, that a preliminary investigation had not been made by The State Bar.

The State Bar was created by the Legislature. The State Bar is governed by a board known as the Board of Governors of The State Bar. (Bus. & Prof. Code, § 6010.) Citations hereinafter where only a code section is stated will refer to the Business and Professions Code. The Board of Governors may create local administrative committees and delegate to them such of its powers as seems advisable (§ 6040). The Board of Governors ''has the power to recommend to the Supreme Court the disbarment or suspension from practice of members or to discipline them by reproval, public or pri-

vate, without such recommendation.'' (§ 6078.) The members of the Board of Governors and of the local administrative committees are public officers. The State Bar Act provides that the Board of Governors ''may by rule provide the mode of procedure in all cases of complaints against members.'' (§ 6086.) ■ The court takes judicial notice of those rules. (Code Civ. Proc., § 1875; *Drillon* v. *Industrial Accident Com.* (1941), 17 Cal.2d 346, 352 [110 P.2d 64].) Among such rules provided by said board pursuant to said provision were rules 10 and 11, in effect when said letter of August 14, 1941, was written and when the notice to show cause of December 12, 1941, was issued. Rule 10, referred to in the notice to show cause, provided in part: ''Rule 10. Preliminary Investigation. Before the institution of any formal proceeding against a member of the State Bar by the issuance, in accordance with the provisions of rule 11, of a notice to show cause, a preliminary investigation shall be made by a committee to determine whether formal proceedings should be instituted and a hearing held. The member shall be allowed an opportunity to be heard in the course of the preliminary investigation. . . . Such a preliminary investigation shall follow the presentation to the State Bar or to any local administrative committee of charges, whether formal or informal, verified or unverified, written or oral. . . .'' Rule 11 provided in part: ''Rule 11. Notice to Show Cause. (1) Every formal proceeding shall be instituted by the issuance of a notice to show cause. . . . If after a preliminary investigation the committee concludes that formal proceedings should be instituted and a hearing held, the committee shall issue a notice to show cause, directing the member to appear before it . . . to show cause why he should not be disciplined. . . .'' It therefore appears that those rules, adopted pursuant to statute, required that an independent investigation be made by the local committee of The State Bar before it instituted a proceeding by issuing a notice to show cause. ■ It is presumed that the members of the committee, being public officers, regularly performed their duty and made such an investigation. (Code Civ. Proc., § 1963.) ■ In view of the presumption that such an investigation was made, and in view of the statement in the copy of the notice to show cause attached to the third amended complaint that such an investigation was in fact made, it should be concluded, upon

consideration of the demurrer, in the absence of an allegation that such investigation was not made, that a preliminary or independent investigation was made by the committee before the proceeding was instituted. The proceeding was not instituted by the sending of the letter of August 14, 1941, to The State Bar. It was instituted, as above noted, by the issuance of the notice to show cause by The State Bar on December 12, 1941, about three months after the letter was received. It is to be noted that the situation here is different from the usual malicious prosecution action which is based upon a proceeding instituted by the signing of a complaint by the one who is later a defendant in the action for damages. Here the action is based upon a proceeding instituted by the signing of an order to show cause, not by one who is a defendant in this action for damages, but by a member of a local committee of The State Bar, after an independent investigation had been made by the local committee.

The third amended complaint alleges that said committee was actuated and influenced to issue the said ''Order to Show Cause'' by the letter of August 14, 1941, and that The State Bar relied upon said statements in said letter and issued the said order in substantially the same language as the language used in said letter. Those allegations do not bear the interpretation that the notice or ''order'' to show cause was issued by reason of the committee's reliance upon the statements in the letter. The Supreme Court has said in discussing the Rules of Procedure of The State Bar: ''In fact, the preliminary investigation is an inquiry by officers of this court selected for the purpose of ascertaining the probable truth of the charge made.'' (*Herron* v. *State Bar* (1931), 212 Cal. 196, at p. 200 [298 P. 474].) The obvious purpose of the investigation being to determine whether there was probable cause to institute the proceeding, it is to be presumed, upon consideration of the demurrer, in the absence of an allegation to the contrary, that the investigation was relied upon by the committee. The allegation of said complaint that the committee was actuated and influenced by, and that it relied upon, the letter, which allegations were admitted to be true for the purpose of considering the demurrer, are not sufficient allegations to exclude the independent investigation as a part, at least, of the information upon which the committee relied in instituting the proceeding. Those allegations are

consistent with a reliance also by the committee upon the investigation. If the committee was also actuated and influenced by, and if it also relied upon, the investigation, as it is presumed to have done in the absence of an allegation to the contrary, the letter was not the cause by reason of which the proceeding was instituted. Plaintiff asserts that it is a question of fact as to whether the investigation was made. That is a question of fact, but the said complaint shows, as above noted, that the fact is that an investigation was made. Likewise it is a question of fact as to whether the committee relied upon the investigation, but as above stated even though said complaint alleges that the committee relied upon the letter that does not eliminate the preliminary investigation prescribed by rule 10 as a basis upon which the committee might have relied. "Where the prosecuting officer acts on an independent investigation of his own instead of on the statement of facts by the party making the complaint, the latter has not caused the prosecution and cannot be held liable in an action for malicious prosecution." (38 C.J. 397.)

Respondents contend that the conspiracy alleged in the third amended complaint should be disregarded for the reason that a civil conspiracy is not actionable. The allegations relative to conspiracy are to the effect that the conspiracy was to prosecute the plaintiff unjustly. If the conspiracy is to prosecute unjustly, the gravamen is the malicious prosecution. (16 Cal.Jur. 729; *White* v. *Brinkman* (1937), 23 Cal.App.2d 307, 311 [73 P.2d 254]; *Bowman* v. *Wohlke* (1913), 166 Cal. 121, 124 [135 P. 37, Ann.Cas.1915B 1011].) The allegations relative to conspiracy do not constitute a cause of action separate from the asserted cause of action for malicious prosecution, but should be regarded as a part of the allegations concerning the asserted malicious prosecution.

The complaint was insufficient in the particulars which we have discussed and it is not necessary to consider the other contentions of appellant.

There was no abuse of discretion on the part of the trial court in not allowing appellant leave to amend. The appellant had amended his complaint three times——this third amended complaint being the fourth complaint filed. It is presumed that appellant has stated his case as favorably as possible to himself. (*Feldesman* v. *McGovern* (1941), 44 Cal.App.2d 566,

571 [112 P.2d 645].) It does not appear that appellant requested leave, in the trial court, to amend. The question as to whether the trial court abused its discretion in not granting leave to amend is open on appeal even though no request to amend was made in the trial court (Code Civ. Proc., § 472c), however, appellant has not presented that question on appeal and has not requested leave to amend.

The judgment is affirmed.

Desmond, P. J., and Shinn, J., concurred.