[Civ. No. 19391.   First Dist., Div. One.   Feb. 14, 1961.]

W. HARRY JOHNS, Appellant, v. PRINCESS CURRY, Respondent.

W. Harry Johns, in pro. per., for Appellant.

Andrew H. D'Anneo for Respondent.

WOOD (Fred B.), J. pro tem.*—Plaintiff has appealed from an order setting aside defendant Princess Curry's default, the entry of her default, and the default judgment that had been rendered against her.

The complaint was filed December 8, 1958, and served upon this defendant November 5, 1959. On November 16, 1959, defendant's counsel obtained and filed an order of court granting her until 30 days thereafter to demur, answer or otherwise plead. On December 17, 1959, plaintiff filed his request for entry of defendant's default. Judgment in various amounts ($5,000 as general damages; $2,500, punitive damages; $6,200, rental monies past due; $600, brokerage commissions) was rendered, dated February 4, 1960, and filed the same day.

In early March, 1960, defendant gave notice that on March 10 she would move for an order vacating and setting aside the default, the entry of default and the judgment by default, and for permission to file the demurrer and motion to dismiss

*Assigned by Chairman of Judicial Council.

the complaint which accompanied the notice. She also filed points and authorities, a declaration by her counsel in support of the motion and a declaration of merits by him on her behalf.

Defendant's motion was predicated upon mistake, inadvertence and excusable neglect of her counsel. In his declaration in support of the motion he recited the obtaining of the order extending time until December 16, 1959, and stated: On November 19 the demurrer of defendant Francois was sustained with leave to plaintiff to amend within 20 days. On December 3 declarant wrote plaintiff, serving the latter with a copy of the order extending time and asking plaintiff to serve declarant, on behalf of defendant Curry, with a copy of the amended complaint when prepared. On December 7 declarant received by mail 35 pages of interrogatories directed to defendant Princess Curry. On or about February 24, 1960, Princess Curry was served with notice of entry of judgment. During said period of time neither declarant nor his client had knowledge or information of any other proceedings in the action. He did not prepare or file a demurrer or an answer because he believed the complaint defective as to his client, in the same sense it was as to defendant Francois; i.e., that a defendant cannot answer one cause of action in said complaint without being compelled to answer all causes of action therein because plaintiff incorporated by reference all preceding causes of action into each succeeding cause of action.[1] Defendant Curry informed declarant she had no information or belief as to many of the allegations set forth in the complaint, which allegations "obviously" had no relation to her and were not intended to have any such relation.

---

[1]Perusal of the complaint indicates that it contains twelve separate counts or causes of action, respectively numbered 1 to 5, inclusive, and 7 to 13, inclusive.

Each count after the first count ''realleges'' or ''incorporates'' by reference all of the allegations of each and all of the preceding counts.

It would appear that several of these counts (particularly the fourth, fifth, seventh, and ninth) speak specifically of no conduct of defendant Curry and seemingly assert no claim against her.

As to the other counts, in some she appears alone; in others, with various of the defendants; in none of them, with all of the other defendants.

In only one of them is defendant Francois mentioned; a count in which defendant Curry is the only other defendant specifically mentioned.

Upon motion of defendant the record has been augmented to include a copy of the Francois demurrer and of the minute order sustaining it. The demurrer was upon a number of grounds including the ground that ''several causes of action have been improperly united and not separately stated.''

We, of course, are not determining the sufficiency or insufficiency of the complaint, nor the propriety or impropriety of any of its averments.

The demurrer of Francois having been sustained and plaintiff having been given 20 days' leave to amend, declarant thought it of no practical use to make an additional appearance on behalf of defendant Curry for the purpose of demurring to the complaint. Declarant did not anticipate that plaintiff would take the default of defendant Curry but instead thought plaintiff would amend his complaint within the time granted him by the court, at which time declarant would have an opportunity to prepare an answer to the amended complaint. He took no action until the filing of the motion to vacate, awaiting plaintiff's amended complaint curing the defects of the original complaint.

These facts plaintiff tacitly admitted. He presented no counteraffidavit.

We think these facts support an implied finding of excusable neglect.

The applicable statute declares: ''The court may, upon such terms as may be just, relieve a party . . . from a judgment . . . taken against him through his mistake, inadvertence, surprise or excusable neglect.'' (Code Civ. Proc., § 473.)

The principles which govern the review of an order granting relief under this statute, we recently summarized in these words:

''The granting or denying of a motion to set aside a default judgment is within the sound discretion of the trial court . . . , and generally, since the code section allowing such a motion . . . is a remedial measure and to be liberally construed . . . , any doubts existing as to the propriety of the trial court's action will be resolved in favor of a hearing on the merits. . . .

''Further, as in any other case, the trial court's determination of the facts as found from the affidavits of the parties will be conclusive upon the appellate court. . . , but if the facts as stated in the moving party's affidavit do not constitute valid grounds for the relief sought, the trial court's action in setting aside the default will be reversed. . . . Hence the question narrows to whether or not the facts stated in the affidavit of defendant's counsel show reasonable grounds for setting aside the default judgment.'' (*Romer, O'Connor & Co.* v. *Huffman*, 171 Cal.App.2d 342, 347 [341 P.2d 62]; citations omitted for the sake of brevity.)

Here, defense counsel's inference that the complaint would be amended as to his client as well as to defendant

Francois (both these defendants were charged together in one of the counts), an inference made known to plaintiff by counsel's letter requesting that his client be served with the amended complaint by its delivery to counsel, plus the receipt from plaintiff of copies of interrogatories (consistent with a contemplated trial on the merits, not presaging a default), furnish an adequate basis for an implied finding by the trial court that counsel's failure to file a pleading within the 30 days' extension or to get further extensions of time to plead constituted *excusable* neglect, reasonable ground for setting aside the default judgment. We observe, too, that plaintiff has made no showing of prejudice, e.g., no showing that his case will now be more difficult to establish than if no default had occurred.

Plaintiff discusses at some length the point that the default was legally taken and the default judgment was legally made and entered. There is no issue in that regard. No one claims otherwise.

Plaintiff seems to rely quite heavily upon a number of cases in which orders *denying* motions to vacate were affirmed. Such cases are not particularly helpful, for there the reviewing court naturally mentions facts in the record which support the trial court's finding. In quite a few such cases the record would have supported an opposite finding had the trial court taken a different view of the statements made in the affidavits.

In his reply brief plaintiff suggests that there really was no order or judgment to appeal from, citing *Grable* v. *Grable,* 180 Cal.App.2d 353, 358 [4 Cal.Rptr. 353]. He is mistaken. (If correct, his appeal at this time would be futile.) In the Grable case a certain minute order contained language which showed upon the face of the record that it was not a final determination of the issues involved. Such is not the case here. Plaintiff has appealed from an order unqualifiedly vacating the default judgment. His notice of appeal and the clerk's certificate in legal effect describe it as a minute order; quite as effective as a formal order written, signed and filed.

█ Plaintiff asserts that an affidavit or declaration offered in support of a motion to vacate should state probative facts, not ultimate facts, nor conclusions, nor hearsay. He does not direct our attention to specific passages of the declaration which he claims are defective in this regard. Furthermore, the record does not show that he objected on this ground in the court below. It is now too late for him to so object for the first time. █ ''It is elementary law that

incompetent statements in an affidavit become competent evidence when admitted without objection . . . [Citations.]" (*Vartanian* v. *Croll*, 117 Cal.App.2d 639, at p. 647 [256 P.2d 1022].)

In his reply brief plaintiff seeks to show that the question whether the contents of defense counsel's letter were properly proved (by production of the document, etc.) was raised in the court below. But that does not get it into the appeal record; hence, it is not available for our consideration. Also, it is doubtful if it was necessary to prove it as a document. The fact that the request was made was the important thing. Moreover, plaintiff in his opening brief admitted receipt and attached a copy of the letter. It fully supports counsel's description of it in his declaration.

Plaintiff questions the sufficiency of defendant's showing of a defense on the merits and of the Pleading which defendant tendered for filing if her motion be granted. The declaration of merits was made by defendant's counsel. It is not apparent why that was not proper and why the things said in it were not sufficient for the purpose at hand.

The pleading tendered is a demurrer on two grounds: (1) failure separately to state several causes of action because plaintiff incorporates into each cause all of the preceding causes; and (2) failure in the first cause to state sufficient facts to constitute a cause of action against this defendant. There seems to be considerable merit in the first point. Significantly, plaintiff himself refers to his complaint as one ". . . for quiet title, to declare a constructive trust; fraud and deceit; malicious prosecution; abuse of process; defamation of character, usury, disparagement, money and damages, and filing false documents . . ." Various of these alleged causes have no relation to one another, either as to parties or as to transactions involved. The second ground is predicated upon the view that in the first cause of action plaintiff is seeking damages for alleged slander or libel and fails to allege that plaintiff filed the bond required by Code of Civil Procedure, section 830. It is quite possible that, as plaintiff claims, his first cause of action is for "abuse of process," not for libel or slander, and there may be a question whether the failure to file a bond can be reached by a demurrer, but these are not questions for decision here. If made in good faith, a question for decision by the trial court, we do not see why the pleading which contains these contentions may not qualify to meet the

requirements of section 473 of the code, which calls for the tender of an ''answer or other pleading.''

The order is affirmed.

Bray, P. J., and Duniway, J., concurred.