[Civ. No. 132. Fifth Dist. Sept. 4, 1962.]

PANCHO BARNES et al., Plaintiffs and Appellants, v. HARDEE N. WITT, Defendant and Appellant.

Pancho Barnes and E. S. McKendry, in pro. per., for Plaintiffs and Appellants.

Mack, Bianco, King & Eyherabide and H. C. Mack, Jr., for Defendant and Respondent.

CONLEY, P. J.—The trial court sustained a demurrer to the first amended complaint without leave to amend and entered a judgment in favor of the defendant. The plaintiffs' main contention on appeal appears to be that the court erred in setting aside an earlier default of the defendant. The appellants also contend that the court's ruling on the demurrer was erroneous, particularly because it was without leave to amend.

The original complaint in the case was filed on August 16, 1961, in which it was alleged that the defendant on or about September 20, 1955: ". . . did illegally and with malicious intent enter and trespass on the property of the plaintiffs and did take and tow away three trucks which had been part of property previously under attachment and guarded by said Constable Witt."

The complaint does not allege specific facts as to the ownership of the trucks, but it may reasonably be inferred from the whole record that they were owned by a third party and that

they had been attached in the previous action pursuant to instructions from the plaintiffs.

The defendant filed a general and special demurrer to the original complaint alleging the bar of the statute of limitations and specifying the uncertainty as to ownership of the trucks or the right of plaintiffs to their possession. The demurrer was sustained, and the plaintiffs were allowed 20 days in which to amend.

Plaintiffs filed an amended pleading entitled ''Amended Complaint (Damages for Fraud).'' This complaint was served by mail and was received by defendant's counsel on October 3, 1961. On October 13, 1961, defendant obtained an order of court extending the time within which to plead to the amended complaint until October 23, 1961. On that date defendant's counsel advised Pancho Barnes, one of the plaintiffs, that a pleading was in the process of being prepared and that it would be filed on the following day. On October 24, at approximately 2 p. m., defendant's counsel attempted to file an appearance with the clerk's office but was advised that a request for the entry of default had been filed by the plaintiffs at approximately 8 a. m. on that date.

On October 25, 1961, defendant served a notice of motion to set aside the default, attaching thereto defendant's proposed pleadings, consisting of a demurrer and motion to strike and a declaration of H. C. Mack, Jr., giving the reasons for his delay in tendering the documents for filing. The plaintiffs filed an opposing declaration, and on November 27, 1961, the trial court, after hearing, made an order setting aside the default on condition that the defendant reimburse plaintiffs for their travel expenses in the sum of $40. The condition was complied with, and consequently the default was set aside.

On December 8, 1961, the court entered an order sustaining defendant's demurrer to the first amended complaint without leave to amend. In a memorandum opinion, which is part of the record on appeal, the court stated as the rationale of the ruling that the cause of action was barred by the three-year statute of limitations (Code Civ. Proc., § 338) and that there was no allegation and could be none that the trucks were owned by the plaintiffs or that they had the right to possession of the vehicles.

The ruling of the court on the basis of the statute of limitations was unquestionably correct. More than three years had elapsed from the time of the alleged seizure of the trucks, and more than the same period of time had gone

by since the sale by the constable of the additional personal property under attachment. The three-year statute of limitations applied both to the original and to the amended complaint. (48 Cal.Jur.2d, Trover and Conversion, § 39, p. 582; *First Nat. Bank* v. *Thompson,* 60 Cal.App.2d 79 [140 P.2d 75].) Even if it should be considered that the amended complaint set up a cause of action in fraud, notwithstanding the obvious deficiencies in pleading (23 Cal.Jur.2d, Fraud and Deceit, § 64, p. 156), the amended complaint showed on its face that all of the facts were known to the plaintiffs not later than the date of sale by the constable, and consequently the three-year period of limitation would bar the action. (Code Civ. Proc., § 338, subd. 4.)

The period of limitation for a conversion action commences at the time of the conversion and not at the time of acquisition of knowledge of the acts constituting the conversion. The only exception to this rule is where it is shown affirmatively that the offending party voluntarily conceals from the plaintiff the facts constituting the cause of action. (*Hillhouse* v. *Wolf,* 166 Cal.App.2d Supp. 833, 835 [333 P.2d 454].) In an action for conversion the plaintiff must plead ownership or right to possession of the property at the time of the alleged conversion. (*General Motors Acceptance Corp.* v. *Dallas,* 198 Cal. 365, 370 [245 P. 184]; *Imperial Valley Land Co.* v. *Globe Grain & Mill. Co.,* 187 Cal. 352, 354 [202 P. 129].)

An action for conversion in the instant case is obviously barred by the statute of limitations, as the successive complaints show that the trucks were taken on September 20, 1955. The plaintiffs have attempted, by pleading fraud in general terms, to evade the bar of the statute of limitations. But the amended complaint shows on its face that the plaintiffs were aware of all of the facts at the time the trucks were removed from the premises and that they voiced the same objections which they now set forth in their complaint. Besides the fact that fraud is not well pleaded, there are no allegations which would tend to show that the defendant concealed any material facts from the plaintiffs. The three-year statute of limitations applies equally to both the original and amended complaint, and bars the cause of action in each of them.

Appellants also complain that the court did not permit them to file a second amended complaint. When a demurrer to a complaint has been properly sustained the trial

court's discretion allowing or preventing an amendment will not be interfered with on appeal in the absence of a showing of abuse. (*Spencer* v. *Crocker First Nat. Bank*, 86 Cal.App.2d 397, 400 [194 P.2d 775] ; *Wing* v. *Forest Lawn Cemetery Assn.*, 15 Cal.2d 472, 485 [101 P.2d 1099, 130 A.L.R. 120].) ▮ Where successive amendments show that a cause of action cannot be stated, the court may reasonably conclude that it would be useless to permit further amendment. (*Ruinello* v. *Murray*, 36 Cal.2d 687, 690 [227 P.2d 251] ; *Nighbert* v. *First Nat. Bank of Bakersfield*, 26 Cal.App.2d 624, 636 [79 P.2d 1105].) ▮ And it is presumed that plaintiffs in preparing their pleading stated the case as favorably to themselves as possible. (*Werner* v. *Hearst Publications, Inc.*, 65 Cal.App.2d 667, 673 [151 P.2d 308].) ▮ It is clear that the court did not abuse its discretion in sustaining the demurrer without leave to amend.

The appellants attack the action of the trial judge in setting aside the default entered by the clerk at the instance of the plaintiffs after they had filed an amended complaint and after the expiration of the extension of time which defendant's counsel had procured from the court. ▮ The appellants suggest that ''an extension of time'' is unthinkable when an order ''extending time'' is procured after time has expired. Whatever virtues such an argument may have from a philosophical standpoint, it runs counter to the agelong practice of courts and attorneys to consider that any order giving additional time for an appearance which is secured before the entry of a default has the effect of extending the time to the terminal date specified in such order.

Immediately after the default was entered counsel for the defendant prepared, served and filed a notice of motion to set it aside, accompanied by a declaration in support thereof, a separate declaration of merits, a proposed demurrer to the amended complaint, a proposed motion to strike the amended complaint, and points and authorities. In his declaration Mr. Mack recited that he was one of the attorneys for the defendant; that the original summons and complaint were served on the defendant on August 20, 1961, and defendant's demurrer to that pleading was served by mail on plaintiffs on August 29th and filed on August 30, 1961; that on September 11, 1961, the demurrer was sustained and plaintiffs were allowed 20 days within which to amend their complaint; that plaintiffs' amended pleading was received in declarant's office on October 3, 1961; that on October 13, 1961, declarant

obtained from the court an extension of time to and including October 23, 1961, in which to plead to said amended complaint; "That declarant did not personally place the date for said appearance on the office calendar, but requested one of the secretaries to do so"; that, through inadvertence, the matter was not entered on the calendar as requested by him.

"That through the aforesaid failure to have the matter placed on the office calendar, declarant did not realize that defendant's appearance was due until declarant was approached by Pancho Barnes with reference to the case on the afternoon of October 23, 1961, in the Court House corridor. That declarant stated to Pancho Barnes at that time that an appearance was in the process of being prepared and would be filed on October 24, 1961.

"That declarant personally took the attached demurrer and motion to strike to the County Clerk's Office at approximately 2:00 P.M. on October 24, 1961, and at that time learned that the plaintiff, Pancho Barnes, had been there at 8:00 A.M. and had filed a request for entry of default.

"I do verily believe that defendant has a good and substantial defense upon the merits to said action, as more fully appears in the proposed demurrer and motion to strike filed herein, and this motion is not made to delay or prolong this action."

Pancho Barnes and E. S. McKendry filed a declaration in opposition to the motion for relief from default. The court heard the matter and ordered the default set aside.

 A trial court has a wide discretion to grant relief under section 473 of the Code of Civil Procedure, and generally speaking, the action of the trial court in this respect will not be disturbed by an appellate court unless discretion has been palpably and manifestly abused. The policy of the law is that controversies should be heard and disposed of on their merits. (See *Estate of Strobeck*, 111 Cal.App.2d 853, 858-859 [245 P.2d 317]; *Stub* v. *Harrison*, 35 Cal.App.2d 685, 689 [96 P.2d 979]; *Hambrick* v. *Hambrick*, 77 Cal.App.2d 372, 377 [175 P.2d 269].)

 Where a conflict exists in affidavits in support of and opposed to a motion to set aside a default, the trial court's ruling in granting or denying the motion is generally conclusive. (*Fickeisen* v. *Peebler*, 77 Cal.App.2d 148, 152 [174 P.2d 883]; *Hadges* v. *Kouris*, 71 Cal.App.2d 213, 217 [162 P.2d 476].)

In *Carbondale Machine Co.* v. *Eyraud,* 94 Cal.App. 356, 358 [271 P. 349], it was said: "The granting or denying of a motion of this character is so largely a matter of discretion with the trial court that, unless it is clearly made to appear that there has been an abuse of this discretion, this court will decline to set aside the trial court's order. [Citing authorities.]"

And on page 360: "It has often been stated by the appellate court[s] of this state that the power of the trial court be freely and liberally exercised, under section 473 of the Code of Civil Procedure, to mold and direct its proceedings so as to dispose of cases upon their substantial merits, and its orders will not be reversed unless its power has been exercised in a manner which is calculated to defeat, rather than advance, the ends of justice. [Citing authorities.]"

In *Hover* v. *MacKenzie,* 122 Cal.App.2d 852, 856 [266 P.2d 60], the court said: "Code of Civil Procedure, section 473, providing that a trial court may relieve a party from 'a judgment, order, or other proceeding taken against him through his mistake, inadvertence, surprise or excusable neglect,' is remedial in its nature and is to be liberally construed. (*Friedrich* v. *Roland,* 95 Cal.App.2d 543, 552 [213 P.2d 423].) The policy of the law is to have every litigated cause tried on its merits; and it looks with disfavor on a party who, regardless of the merits of his cause, attempts to take advantage of the mistake, surprise, inadvertence, or neglect of his adversary. (14 Cal.Jur. 1075, § 116.) Reviewing courts have always looked with favor on orders excusing defaults and permitting controversies to be heard on their merits. Such orders are rarely reversed, and never unless it clearly appears that there has been a plain abuse of discretion. (*Jones* v. *Title Guaranty etc. Co.,* 178 Cal. 375, 376-377 [173 P. 586].) Even in a case where the showing under section 473 of the Code of Civil Procedure is not strong, or where there is any doubt as to the setting aside of a default, such doubt should be resolved in favor of the application. (*Garcia* v. *Garcia,* 105 Cal.App.2d 289, 291 [233 P.2d 23].) All presumptions will be indulged in favor of the correctness of the order, and the burden is on the appellant to show that the court's discretion was abused. (*Estate of McCarthy,* 23 Cal.App.2d 398, 400 [73 P.2d 914].)"

The judgment is affirmed.

Brown, J., and Stone, J., concurred.

A petition for a rehearing was denied October 2, 1962.