[Civ. No. 34470. Second Dist., Div. Five. May 26, 1971.]

ARTHUR BERMAN, Plaintiff and Appellant, v.
HARRY KLASSMAN, Defendant and Respondent.

**COUNSEL**

Zerner & Sims and Edward S. Sims for Plaintiff and Appellant.

John E. Sisson and John E. Sisson, Jr., for Defendant and Respondent.

**OPINION**

**FRAMPTON, J.\*—**

### Statement of the Case

Plaintiff appeals from two minute orders made in consolidated superior court actions bearing numbers 832122 and 866166 respectively: (1) the order of August 13, 1968, granting the motion of defendant Klassman to set aside the default judgment entered on February 15, 1968, and (2) the order of September 18, 1968, denying plaintiff's motion to reconsider and set aside the order of August 13, 1968.[1] Embassy Club, a copartnership then composed of Klassman and one Henry Jacobs, was also a defendant and a default judgment was also taken against it. The partnership did not make a similar motion.

Action number 832122 was previously before this court on appeal by the defendants from a judgment, after trial, in favor of the plaintiff and against the defendants as prayed for in the complaint. This judgment was reversed upon the grounds of error in refusing to admit parol evidence offered on

---

*Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.

[1]We are of the opinion that the order of August 13, 1968, setting aside the default judgment is an appealable order, and that the order of September 18, 1968, denying reconsideration of the order of August 13, 1968, the issues being the same, is a non-appealable order. (Cf. *Steinberg* v. *Jacobs,* 21 Cal.App. 765, 766 [132 P. 1060]; *Sharpe* v. *Sharpe,* 55 Cal.App.2d 262, 265 [130 P.2d 462]; *In re Hann,* 100 Cal.App. 743, 745 [281 P. 74]; *Levy* v. *Levi,* 186 Cal.App.2d 21, 22 [8 Cal.Rptr. 639]; *Agnew* v. *Parks,* 219 Cal.App.2d 696, 703 [33 Cal.Rptr. 465].)

behalf of the defendants to show that the transactions upon which suit was brought were in fact usurious. (Cf. *Berman* v. *Klassman,* 2d Civ. 29307, unpublished opinion, filed 3/22/66, Rem. filed 5/2/66.)

The consolidated actions relate to plaintiff's claim for monthly installments of money claimed to be owing pursuant to the terms of two written instruments dated, respectively, July 3, 1956, and November 13, 1957. In action number 832122 plaintiff sought recovery for the 30 monthly installments which became due thereunder in August 1961 through January 1964. While the appeal was pending in action number 832122, plaintiff filed a complaint in the municipal court for the 14 monthly installments which became due in February 1964 through March 1965. This action was transferred to the superior court, given number 866166 and was consolidated for trial with action number 832122. On October 27, 1965, plaintiff filed a "Supplemental Complaint" in action number 866166 for the seven monthly installments which became due in April 1965 through October 1965.

The "Answers and Counterclaims" to the foregoing mentioned complaints generally admit the substantial allegations of the complaints, but raise defenses and counterclaims based upon the claim of usury and the contention that the written agreements are void in that they violate the California Corporate Securities Law.

After reversal in action number 832122, plaintiff moved to set both actions (832122 and 866166) for pretrial and trial by serving and filing a "Memorandum for Setting Contested Action and Certificate of Readiness."

On April 18, 1967, the court gave all parties written notice of the pretrial conference in each case, set for May 24, 1967.

On May 24, 1967, the pretrial conference was held on both cases; plaintiff appeared but the defendants did not. The court consolidated the cases for pretrial and for trial; made its pretrial conference order under date of May 29, 1967, and set the consolidated actions for trial on September 15, 1967. Attached to such order were the pretrial statements submitted by plaintiff. On May 24, 1967, plaintiff served copies of the pretrial statements on defendants by mail. On May 29, 1967, the clerk of the court served copies of the pretrial conference order on the parties by mail.

On June 1, 1967, plaintiff served on defendants, through their counsel, Hubert R. Sommers, and filed, written notice of the time and place of trial.

On or about June 1, 1967, Sommers served and filed a notice of motion to withdraw as Klassman's attorney. Sommers at this time was representing

both Klassman and the Embassy Club, a copartnership. The grounds of this motion were that Klassman had not cooperated with his counsel, and had failed and refused to make proper financial arrangements with his counsel to represent him. This motion was granted on June 12, 1967, and Klassman was substituted in propria persona, effective upon service of notice of the order upon all parties, and filing proof of service with the court. In the declaration of Sommers in support of his motion to withdraw, he stated that: "The current address of Mr. Klassman is c/o Mary Klassman [Klassman's mother], 2020 Bedford Street, Los Angeles, California." On June 12, 1967, Sommers gave notice by mail to Klassman that the court had entered its order permitting Sommers to withdraw as counsel for Klassman, and that Klassman be substituted in propria persona. This notice was addressed to "Mr. Harry Klassman c/o Mary Klassman, 2020 Bedford Street, Los Angeles, California." Proof of service of notice of substitution was filed on June 13, 1967.

On July 31, 1967, the court made its order in the consolidated actions vacating the trial date of September 15, 1967, and setting a new trial date for January 4, 1968. A copy of the order was mailed by the clerk of the court to all parties. The copy to Klassman was sent to the address of his mother. On August 3, 1967, plaintiff gave Klassman notice by mail of the resetting for trial. This notice was addressed to the home of Klassman's mother.

On January 4, 1968, the consolidated actions were called for trial in the courtroom of the presiding judge, and no appearance having been made on behalf of the defendants, the causes were transferred to department 34 "to be heard as a default." The causes proceeded to trial on January 4,[2] and after hearing evidence, the trial court continued the hearing to January 22, 1968. On January 22, the causes were ordered to stand submitted. On January 29, 1968, the trial judge made the following order: "In this cause previously submitted on January 22, 1968 the Court now renders its decision as follows: Judgment is for the Plaintiff as prayed for in Plaintiff's various complaints. Judgment is to be prepared by counsel for the Plaintiff in accordance with the demands of his various complaints."

On February 15, 1968, judgments were entered in favor of plaintiff and against defendants in the sum of $14,280, the total amount prayed for in the complaints and supplemental complaint in the consolidated actions. On

---

[2]Neither the minute order of department 1, or the minute order of department 34 constituted the entry of the default of the nonappearing defendants. Under the record here, the matter proceeded as an uncontested hearing. (Cf. Code Civ. Proc., §§ 585, 594; *Wilson* v. *Goldman*, 274 Cal.App.2d 573, 576-577 [79 Cal.Rptr. 309]; 2 Witkin, Cal. Procedure (1954) § 55, pp. 1690-1691.)

April 25, 1968, plaintiff gave written notice of entry of judgments by mail. Notices were sent to attorney Sommers who remained as attorney of record for defendants other than Klassman, and to Klassman at the residence address of his mother.

On August 2, 1968, Klassman substituted in his present counsel and filed his motion for an order to set aside "the default and default judgment," in each of the consolidated actions. On August 13, 1968, the court granted the motion to set aside the default judgments. On August 21, 1968, plaintiff filed his motion for reconsideration of the order setting aside the default judgments. On September 18, 1968, this motion was denied. As heretofore pointed out, plaintiff has appealed from both orders, the latter of which is a nonappealable order. The appeal therefrom must be dismissed.

### Statement of Facts

The declaration of Klassman filed in support of the motion to set aside the default judgment states in substance as follows: He is one of the defendants named in each of the consolidated actions; when action number 832122 was commenced in January 1964 he arranged with Hubert R. Sommers to appear therein as counsel on his behalf and on behalf of defendant Embassy Club, a copartnership; upon reviewing the complaint, Mr. Sommers advised him that in his opinion the transactions therein sued upon were usurious as to him and as to the Embassy Club; on or about February 20, 1964, he received and verified an answer and counterclaim to be filed on his behalf and on behalf of the copartnership as defendants; that the answers and counterclaims were filed on February 21, 1964, Mr. Sommers appearing as counsel for such defendants.

Klassman declared further that on June 10, 1964, a trial was held in action number 832122 and judgment was rendered therein in favor of plaintiff and against Klassman and the Embassy Club; upon appeal the judgment was reversed on March 2, 1966 (2d Civ. 29307), and that a copy of the decision was filed in the action below on May 2, 1966; Mr. Sommers represented him and the Embassy Club throughout both the trial and the appeal; after the commencement of action number 832122, plaintiff Berman filed another action against declarant and the Embassy Club in the Municipal Court of the Los Angeles Judicial District; this action was later transferred to the superior court and became number 866166 therein; Sommers appeared as counsel for both declarant and the Embassy Club in this action and filed an answer and counterclaim on behalf of said defendants; again Sommers advised declarant that in his opinion the transactions therein sued upon were usurious; on October 27, 1965, plaintiff filed a supplement to the complaint in action number 866166 and on No-

vember 19, 1965, Sommers filed an answer to such supplement on behalf of declarant and the Embassy Club.

Klassman declared further that following the filing of the decision of the Court of Appeal on May 2, 1966, in action number 832122, he consulted at least once or twice a week during the ensuing year with Mr. Sommers with respect to various matters in which he was representing the declarant; declarant did not recall that Mr. Sommers notified him of the pretrial conference setting in action number 866166, which hearing was set for May 24, 1967; until a few days prior to March 15, 1967, his residence address was the same as that of his mother, Mrs. Mary Klassman, at 2020 Bedford Street, Los Angeles, California; on March 15, 1967, he moved from that address to 1819 Parnell Avenue, Apartment 9, Los Angeles, California; between March 15, 1967, and April 15, 1967, he personally advised Mr. Sommers of his new address at 1819 Parnell Avenue; he resided continuously at this address until November 15, 1967, and during the period of such residence he was contacted on many occasions by Mr. Sommers who, on several occasions, mailed letters to him at that address; one such occasion was September 9, 1967, on which date Mr. Sommers mailed a letter to him at the Parnell Avenue address advising declarant as to another legal matter. A copy of this letter was attached to the declaration, marked exhibit "1."

Klassman declared further that shortly before June 1, 1967, Mr. Sommers advised him that he wished to discontinue his representation of declarant as an individual, and was taking steps to be relieved as counsel for him as one of the defendants in both actions; declarant received no documents or notices pertaining to either action at any time after June 1, 1967, until sometime after February 1, 1968; he did not at any time between June 1, 1967, and May 1, 1968, examine either of the files in the consolidated action, and was not aware of any steps taken by Mr. Sommers or any of the parties in either action after June 1, 1967, until Mr. Henry Jacobs advised him on or about May 1, 1968, that plaintiff was "purporting" to collect upon a judgment rendered in the consolidated actions. According to Klassman's declaration, Henry Jacobs was the owner, at one time, of a partnership interest in the Embassy Club, having acquired, at an execution sale, whatever partnership interest was held by Ruth Fleishman and Louis Fleishman.

Klassman declared further that after having received the foregoing information from Mr. Henry Jacobs, he examined the files in the consolidated actions, and that he had not received the notices therein contained relating to the setting and resetting of the actions for trial, and did not learn of

such trial settings at any time prior to May 1, 1968; Mr. Sommers did not advise him of such trial settings.

Klassman further declared that during the month of August 1967 he was at the Los Angeles County Courthouse on another matter; on this occasion he met Mr. Sims, one of counsel for plaintiff, in a hallway; he had a brief conversation with Mr. Sims in which he asked what was going to happen with Mr. Berman's lawsuits against declarant, and Mr. Sims replied that he thought the matters would probably be dropped, and might never go to trial; Mr. Sims did not advise him that such matters had been set for trial; at no time after June 1, 1967, until May 1, 1968, was he aware that the consolidated actions had been set for trial, or that a trial had been held; although he was aware that Mr. Sommers had withdrawn as his individual counsel, he understood that he would continue to act as counsel for defendant Embassy Club, and he believed that the defense of usury raised on behalf of the partnership defendant would be pursued by Mr. Sommers as counsel for the partnership; his failure to receive notices mailed to him by the court and opposing counsel is attributable to the fact that Mr. Sommers gave his mother's address at 2020 Bedford Street as his mailing address; and failed to advise him of any such settings, although Mr. Sommers communicated with him at his correct address at 1819 Parnell Avenue.

Klassman declared further that he had retained his present counsel to represent him in the consolidated actions and had fully and fairly stated the facts in such cases to one of his present counsel who advised him, and declarant believes, that he had a good and sufficient ground for setting aside the judgments, and that he had a good and meritorious defense and counterclaim to and against the claims of plaintiff.

As is usual, declarations were filed in opposition to the motion which question the veracity of Klassman's declaration and create a conflict in the evidence before the trial court. Inasmuch as we may not reweigh the evidence here and resolve such conflicts, we will not prolong this opinion by setting forth the contents of the opposing declarations. (*Benito* v. *Benito*, 215 Cal.App.2d 265, 267 [30 Cal.Rptr. 142].)

### Contentions on Appeal

Plaintiff urges the following as grounds for reversal of the order setting aside the default judgment: (1) the unexplained delay of three months after the defendant had knowledge of the judgment before he made application for relief therefrom is a bar to such relief as a matter of law; (2) the

negligent failure of defendant to employ new counsel to defend in the trial of the action bars relief; (3) defendant's motion being made pursuant to provisions of section 473, Code of Civil Procedure, relief is barred because the notice of motion was not served and filed within the six months' jurisdictional period, and (4) defendant is not now entitled to a defense on the ground of usury because of his failure to appear and pursue such defense at the trial.

### Jurisdiction to Hear and Determine Motion

We will first comment on plaintiff's claim number three above that the trial court lacked jurisdiction to hear and determine the motion because the application for relief, being based upon section 473, Code of Civil Procedure, was served and filed over six months after the rendition or entry of judgment.

This contention is predicated upon plaintiff's claim that the minute order dated January 29, 1968, hereinafter set out in full, constituted the rendition of the court's decision and thus started the time running within which defendant was required to file application for relief. This minute order, however, contains a direction to plaintiff's counsel to prepare the judgment, in accordance with the terms of the order, for the trial judge's signature. The trial court may elect the form in which an appealable order may be entered upon its minutes, and a minute order which directs the preparation, signature and filing of a written order is not to be considered as an appealable order, but rather as an indication that the formal written order was intended to be the order from which an appeal would lie. (Cal. Rules of Court, rule 2(b)(2).) We are of the opinion that the minute order of January 29, 1968, directing the preparation of a formal written judgment to be signed by the trial judge and entered, was not an appealable order, and that the date of entry of the judgment which followed on February 15, 1968, started the six months' period running within which defendant could seek relief from the judgment pursuant to the provisions of section 473, Code of Civil Procedure. (Cf. *Herrscher* v. *Herrscher*, 41 Cal.2d 300, 304 [259 P.2d 901]; *Edelen* v. *Edelen*, 150 Cal.App.2d 681, 683-684 [310 P.2d 486]; *Estate of Greer*, 261 Cal.App.2d 827, 831 [68 Cal.Rptr. 344].) Defendant filed his motion to set aside the default judgment on August 2, 1968, 169 days after the date of entry of judgment. Under these circumstances the trial court had jurisdiction to hear and determine the motion.

The plaintiff's contention two and four above are without merit, and we will not comment further thereon.

*Delay of Three Months After Knowledge of Defendant of Default Judgment Before Filing Application for Relief, as a Bar to Such Relief as a Matter of Law*

■ Plaintiff urges that the delay by defendant of a period of three months from the time of discovery of the entry of judgment (May 1, 1968) until he filed his motion to set it aside (August 2, 1968), without explanation, bars the relief sought as a matter of law.

In *Benjamin v. Dalmo Mfg. Co.,* 31 Cal.2d 523 [190 P.2d 593], it was held that a delay of 104 days from the time that counsel for defendant corporation was aware that a default judgment had been entered to the time of filing the notice of motion to set aside the judgment, no explanation having been given for such delay, constituted an unreasonable delay. The Supreme Court reversed the trial court's order setting aside the default judgment.

In the case at bench the declarations and counterdeclarations do not disclose whether the unexplained delay here of 93 days could be attributable to defendant Klassman, a layman, or to his newly selected counsel.

In *Teichner v. Klassman* (1966) 240 Cal.App.2d 514 [49 Cal.Rptr. 742] it was held that the transactions therein, based upon substantially identical written instruments as those involved in the instant litigation, were tainted with usury.

In passing upon the motion here, the trial court could well have considered the possibility that to deny the motion would have subjected the defendant to a judgment affirming transactions which were usurious. This is not to say here that such transactions were, in fact and in law, usurious. This remains to be determined upon a trial of the consolidated actions.

■ "A trial court has a wide discretion to grant relief under section 473 of the Code of Civil Procedure, and generally speaking, the action of the trial court in this respect will not be disturbed by an appellate court unless discretion has been palpably and manifestly abused. The policy of the law is that controversies should be heard and disposed of on their merits. [Citations.]" (*Barnes v. Witt,* 207 Cal.App.2d 441, 447 [24 Cal. Rptr. 545].)

■ Considering what is a reasonable time depends largely upon the facts and circumstances of each case. "The general rule is to favor, wherever possible, a hearing on the merits, and appellate courts are much more disposed to affirm an order where the result is to compel a trial upon the merits than it is when a judgment by default is allowed to stand and it apears that a substantial defense could be made." (*Stout v. Bakker,* 212

Cal.App.2d 78, 83 [27 Cal.Rptr. 661]; see also *Waybright* v. *Anderson*, 200 Cal. 374, 377 [253 P. 148].)

■ Since section 473, Code of Civil Procedure, allowing a motion to be relieved from a default, is a remedial measure to be liberally construed, any doubts existing as to the propriety of the trial court's action will be resolved in favor of a hearing on the merits. (*Romer, O'Connor & Co.* v. *Huffman,* 171 Cal.App.2d 342, 349 [341 P.2d 62]; *Johns* v. *Curry,* 189 Cal.App.2d 94, 97 [10 Cal.Rptr. 882]; *Barnes* v. *Witt,* 207 Cal.App.2d 441, 448 [24 Cal.Rptr. 545].)

■ Where, as here, the trial court is faced with a strong possibility that the judgment, if allowed to stand, would affirm transactions in violation of the usury law, we cannot say, as a matter of law, that the unexplained delay of 93 days by defendant Klassman in seeking relief from the judgment should compel the trial court, in the exercise of its discretion, to deprive him of a trial of the actions upon their merits.

The appeal from the order of September 18, 1968, denying reconsideration of the order of August 13, 1968, is dismissed. The order of August 13, 1968, setting aside the default judgment is affirmed.

Kaus, P. J., and Reppy, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied July 21, 1971.