**Christopher HOLLAND,**
**Plaintiff–Appellant,**

v.

**HEALTHCARE SERVICES OF THE OZARKS d/b/a Cox Health Systems and Joyce Pierron, Defendants–Respondents.**

**No. SD 30748.**

Missouri Court of Appeals,
Southern District,
Division Two.

Aug. 25, 2011.

Daniel E. Hunt, Jefferson City, MO, for Appellant.

Ginger Gooch, Springfield, MO, for Respondents.

JEFFREY W. BATES, Judge.

Christopher Holland (Holland) filed suit against Cox Health Systems and Joyce Pierron (referred to collectively as Defendants and individually as CoxHealth and Pierron), alleging malicious prosecution (Count I) and tortious interference with a contract (Count II). The trial court granted summary judgment in Defendants' favor on both counts. On appeal, Holland only challenges the grant of summary judgment on the malicious prosecution count. Because there are no genuine issues of material fact on that count, and Defendants are entitled to judgment as a matter of law, we affirm.

Holland worked as a contract nurse at CoxHealth from June 2004 through September 2004. There was no employment contract between Holland and CoxHealth. Instead, Holland's contractual relationship

was with Access Nurses, a California corporation. Holland entered into two 13-week contracts with Access Nurses, both of which specified that Holland's employment was at-will. The first contract allowed Holland to work at CoxHealth from June 7, 2004 through September 7, 2004. That contract was subsequently renewed to allow him to work at CoxHealth through December 8, 2004.

One of Holland's supervisors at CoxHealth was Pierron. On September 24, 2004, Pierron advised Access Nurses that CoxHealth was terminating Holland's contract, effective immediately, for a variety of reasons relating to patient safety. In accordance with Missouri statutes, CoxHealth reported Holland's termination to the Missouri State Board of Nursing (the Board). After investigating the report, the Board decided not to file a complaint against Holland with the Administrative Hearing Commission.

In January 2008, Holland filed his two-count petition against Defendants. In December 2009, Defendants filed a motion for summary judgment. Following a hearing, the trial court granted Defendants' motion. Insofar as relevant here, the trial court determined that Holland could not prove malicious prosecution because "[D]efendants did not instigate a proceeding by supplying the Board with a statutorily-required report." This appeal followed.

The standard of review for an appeal from summary judgment is essentially *de novo*. *ITT Commercial Fin. Corp. v. Mid–America Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo. banc 1993). Summary judgment will be upheld on appeal if there is no genuine dispute of material fact and the movant is entitled to judgment as a matter of law. *Id.*; *see* Rule 74.04(c)(6).[1]

■ In Holland's single point on appeal, he contends the trial court erred in granting summary judgment on his malicious prosecution count because he made a submissible case on that theory of recovery. We disagree.

■ In order to recover for malicious prosecution, a plaintiff must prove the following six elements:

(1) the commencement of a prosecution against the plaintiff; (2) the instigation of the prosecution by the defendant; (3) the termination of the proceeding in plaintiff's favor; (4) lack of probable cause for the prosecution; (5) that defendant's conduct was motivated by malice; and (6) plaintiff was damaged as a result.

*Crow v. Crawford & Co.*, 259 S.W.3d 104, 114 (Mo.App.2008); *Davis v. Bd. of Educ. of City of St. Louis*, 963 S.W.2d 679, 684–85 (Mo.App.1998).[2] "A defendant in a suit for malicious prosecution may establish a right to summary judgment by showing facts that negate any one of the

---

1. All rule references are to Missouri Court Rules (2011). All statutory references are to RSMo (2000) unless otherwise specified.

2. As to the first element, "the commencement of a prosecution," we do not decide whether a malicious prosecution theory can be based on an administrative proceeding. *See Davis*, 963 S.W.2d at 685–86. No Missouri court has recognized a claim for malicious prosecution arising from an administrative proceeding. The underlying proceeding has always been either a civil or criminal lawsuit. *Id.* at 685; *see also* MAI 23.07 [2000 Revision] (requiring

the jury to find that defendant instigated or continued "a judicial proceeding" against the plaintiff that was terminated in favor of the plaintiff). As in *Davis*, we do not have to decide whether Missouri should extend the tort of malicious prosecution to administrative proceedings. In addition, we do not have to decide whether the Board's decision *not* to file a complaint against Holland, after conducting an investigation, even constitutes the commencement of an administrative proceeding.

plaintiff's elements." *Crow*, 259 S.W.3d at 114. Assuming *arguendo* that a malicious prosecution theory can be based upon the commencement of an administrative proceeding, Holland cannot prove the second necessary element: the "instigation" of a prosecution by Defendants.

Section 383.133.1 mandates that a hospital must "report to the appropriate health care professional licensing authority any disciplinary action against any health care professional...." At the time of Holland's termination, that statute stated in pertinent part:

1. Beginning on January 1, 1987, the chief executive officer of any hospital or ambulatory surgical center, as such term is defined in section 197.200, RSMo, shall report to the appropriate health care professional licensing authority any disciplinary action against any health care professional or the voluntary resignation of any health care professional against whom any complaints or reports have been made which might have led to disciplinary action.

2. All reports required by this section shall be submitted within fifteen days of the final disciplinary action and shall contain, but need not be limited to, the following information:

(1) The name, address and telephone number of the person making the report;

(2) The name, address and telephone number of the person who is the subject of the report;

(3) A brief description of the facts which gave rise to the issuance of the report, including the dates of occurrence deemed to necessitate the filing of the report;

(4) If court action is involved and known to the reporting agent, the identity of the court, including the date of filing and the docket number of the action.

§ 383.133.1–.2.[3] Section 383.130(2) defines a "[h]ealth care professional" to include "a nurse licensed under the provisions of chapter 335[.]" *Id.* The authority of the Board to act on a mandatory report filed pursuant to § 383.133 is found in Chapter 335, the Nursing Practice Act (NPA). In relevant part, § 335.066 states:

2. *The board may cause a complaint to be filed* with the administrative hearing commission as provided by chapter 621, RSMo, against any holder of any certificate of registration or authority, permit or license required by sections 335.011 to 335.096 or any person who has failed to renew or has surrendered his or her certificate of registration or authority, permit or license for any one or any combination of the following causes: ...

(5) Incompetency, misconduct, gross negligence, fraud, misrepresentation or dishonesty in the performance of the functions or duties of any profession licensed or regulated by sections 335.011 to 335.096....

3. *After the filing of such complaint,* the proceedings shall be conducted in accordance with the provisions of chapter 621, RSMo. *Upon a finding by the administrative hearing commission that the grounds, provided in subsection 2 of this section, for disciplinary action are met,* the board may, singly or in combination, censure or place the person named in the complaint on probation on such terms and conditions as the board deems appropriate for a period not to exceed five years, or may suspend, for a

---

**3.** Although § 383.133 has since been amended, the hospital reporting requirement remains the same.

period not to exceed three years, or revoke the license, certificate, or permit. § 335.066.2–.3 (italics added). The NPA further references the "mandated reporting requirements" of § 383.133 in § 335.097, which states in relevant part:

Reports made to the board under the mandated reporting requirements as defined in chapter 383, RSMo, shall not be deemed a violation of the federal Health Insurance Portability and Accountability Act (HIPAA) and the privacy rules located in the Act because the Missouri state board of nursing qualifies as a health oversight agency as defined in the HIPAA privacy rules.

§ 335.097.3 RSMo Cum.Supp. (2007).

■ "The general rule is that an individual who merely provides facts concerning the conduct of another to an officer possessing the authority to issue charges is not liable for malicious prosecution." *Davis*, 963 S.W.2d at 686. *Davis* involved a malicious prosecution claim filed by a teacher against two educators who reported information concerning abuse of students by the teacher to the superintendent, who had the sole authority to initiate further action. The eastern district of this Court held that the educators' actions in reporting the information did not constitute "instigation" of the charges. *Id.* at 686–87. Because the superintendent "was the only one who had legal authority to issue the charges ... as a matter of law, [the educators] could not have instigated the proceedings." *Id.* at 687.

Similarly, in *Crow v. Crawford & Co.*, 259 S.W.3d 104 (Mo.App.2008), the eastern district again held, as a matter of law, that the plaintiff could not prove defendants instigated the proceedings. In *Crow*, an employer provided records, statements and a video of an employee's activities to the Workers' Compensation Fraud Unit, which investigated and referred the matter

to the Attorney General (AG). *Id.* at 111–12. After further investigation, an Assistant AG ultimately charged the employee with two counts of misdemeanor workers' compensation fraud. *Id.* at 112. The Court affirmed the entry of summary judgment in favor of employer on employee's malicious prosecution claim. Citing *Davis*, the eastern district concluded that the employer did not instigate a suit or prosecution because:

[T]he undisputed facts show that Fraud Unit conducted an investigation, triggered by defendants it is true, but the director then made an independent determination, based on the findings of the Fraud Unit, to refer the matter to the Missouri Attorney General's Office. The undisputed facts also show that the Assistant AG made his own determination to proceed with the prosecution based on his review and investigation. None of the defendants instigated the prosecution of [employee].

*Id.* at 115 (footnote omitted).

We reach the same conclusion here. CoxHealth was mandated by statute to report its disciplinary action against Holland to the Board. *See* § 383.133. After receiving the report, it was up to the Board to decide whether to file a complaint against Holland with the Administrative Hearing Commission. *See* § 335.066.2. Assuming *arguendo* that an administrative proceeding was even commenced here, it was instigated by the Board, rather than CoxHealth.

In Holland's reply brief, he concedes that a plaintiff generally cannot make a submissible case on a malicious prosecution theory when a defendant "merely reports to an agency the facts in his knowledge and leaves it to that agency to use their own judgment as to whether or not to prosecute." Holland argues, however,

that he made a submissible case because this case is one "where the defendant points out the Plaintiff as a culprit and sets in motion the legal machinery to prosecute the Plaintiff," citing *Lipari v. Volume Shoe Corp.*, 664 S.W.2d 953, 956 (Mo. App.1983) (store went beyond mere reporting of a suspected shoplifter when store desired to prosecute the particular suspect that store identified, not some person police investigation might have disclosed). We are unpersuaded by his argument. The report made by CoxHealth to the Board about Holland was mandated by statute. CoxHealth was required to specifically identify Holland and provide "[a] brief description of the facts which gave rise to the issuance of the report ...." § 383.133.2(3). It was up to the Board, in its sole discretion, to determine whether to file a disciplinary complaint against Holland. § 335.066.2. Thus, Defendants did not instigate a proceeding against Holland. *See Crow*, 259 S.W.3d at 115; *Davis*, 963 S.W.2d at 687; *Werner v. Hearst Publications, Inc.*, 65 Cal.App.2d 667, 151 P.2d 308, 311–12 (Cal.Dist.Ct.App.1944) (holding that there was no instigation of a proceeding by persons who sent a complaint about an attorney to the state bar association, which independently investigated the matter before initiating a formal disciplinary proceeding).

The trial court did not err in granting summary judgment in favor of Defendants. Holland's point is denied, and the judgment is affirmed.

SCOTT, C.J. and FRANCIS, J., Concur.

1. Unless otherwise indicated, all further refer-