[Civ. No. 14167.   First Dist., Div. Two.   Dec. 27, 1949.]

EDWIN L. JONES, Respondent, v. MRS. A. K. FEICHT-MEIR et al., Appellants.

Walter C. Harbert and Lakin, Rumwell & Spears for Appellants.

Kenneth A. Johnson for Respondent.

NOURSE, P. J.—Plaintiff sued for a declaratory judgment and for other equitable relief in support of his asserted rights under a written sublease under the major lease held by defendants. He had judgment declaring his right to a renewal of his sublease and adjudging that the party named in the renewal of the major lease held for the other defendants who had theretofore contracted with him to grant a renewal of his sublease.

The facts are not materially controverted. The husband of Mrs. Feichtmeir operated a barber shop on the premises located in the city of Palo Alto until his death. Then Mrs. Feichtmeir leased the premises from the owners, permitted her son Ralph Feichtmeir to conduct a barber shop on one part of the premises, and subleased the other part of the premises to Jones for the conduct of a smoke shop. The sublease provided that it was renewable at the option of the sublessee if the lessee renewed her lease with the owner or was able to do so. Armin Feichtmeir, an insurance broker, living in the city of Los Angeles, another son of Mrs. A. K. Feichtmeir, arranged to lease the property from the owner for a five-year term, commencing upon the termination of the term of Mrs. A. K. Feichtmeir's lease. Thereupon Mrs. A. K. Feichtmeir notified Jones, the sublessee, that the original lease would not be renewed with the owner, and that the sublease would also be terminated June 30, 1948. Plaintiff Jones notified defendants that he would consider any and all releasing by any member of the Feichtmeir family as a renewal of the master lease, and would continue in possession by virtue of the option contained in the sublease.

The controversy posed by the pleadings lies in the plaintiff's assertion that the renewal of the master lease in the name of Armin Feichtmeir was but a subterfuge on the part of Mrs. Feichtmier and her son Ralph designed to defeat the plaintiff's option for a renewal and to enable Ralph to enlarge his barber shop and occupy the entire premises.

The trial court came to the same conclusion and specially found that the manner of the renewal of the master lease was a fraud on the part of the three defendants. It decreed that plaintiff was entitled to a renewal of the sublease in accordance with the terms of his option. The evidence and the inferences to be drawn therefrom fully support this finding and the only real issue on this appeal is whether the complaint states a cause of action—that is to say, whether the plaintiff pursued the right remedy.

Proceedings for a declaratory judgment are authorized by section 1060 of the Code of Civil Procedure. In part the section provides for a special form of action "in cases of actual controversy relating to the legal rights and duties of the respective parties." A declaration of such rights and duties may be asked "either alone or with other relief." The remedies provided by the chapter are cumulative and not restrictive of "any remedy, provisional or otherwise" (§ 1062).

Since the law favors the settlement of all phases of a controversy in one action where possible, there is no objection to the joinder of a cause of action for equitable relief in relation to a contract with a cause of action for a declaration of the rights and duties of the parties under the contract. The jurisdiction of the court to hear and determine both matters cannot be questioned. The right to grant other equitable relief in support of the declaration of the rights and duties of the parties under the writing rests on the sound rule that courts have inherent power to make their judgments effective. (10 Cal.Jur. 559.)

Hence, though a pleading may not be as full as desired in stating a cause for declaratory relief, if it pleads facts sufficient to entitle plaintiff to some equitable relief the court will assume jurisdiction of the entire controversy. This is the rule of *Zellner* v. *Wassman*, 184 Cal. 80, 88 [193 P. 84]; *Rolapp* v. *Federal Building etc. Assn.*, 11 Cal.App.2d 337, 343 [53 P.2d 974] and similar cases. (See generally, 10 Cal.Jur. 559.) Here the complaint pleaded the facts relating to respondent's option for a renewal of his sublease and the intermingling acts of the appellants designed to defeat that right. The complaint thus states a cause of action for a declaration of the rights of the parties under the respective contracts. The injunctive and mandatory portions of the decree are justified by the well established rule that equity, having obtained jurisdiction of a cause, will dispose of the entire controversy. (10 Cal.Jur. 496.) The application of the rule to the facts of this case is clear. When the court found that respondent was entitled to exercise his option for a renewal of the sublease there was no reason to force him to institute another action to compel acceptance of the option.

The appellants argue that the trial court was without jurisdiction to hear the controversy because all "proper" parties defendant were not sued (i.e., the owners of the land). If this was the argument made in the trial court the adverse

ruling was clearly proper. Those who may be "proper" parties to a controversy are not always necessary or indispensable parties. Section 389 of the Code of Civil Procedure reads in part: "The court may determine any controversy between parties before it, when it can be done without prejudice to the rights of others, or by saving their rights . . ." Under this section the trial court might save the rights of the owners without requiring them to appear and defend. They were not therefore necessary or indispensable parties. For the distinction we have in mind see *Bank of California* v. *Superior Court,* 16 Cal.2d 516, 521 [106 P.2d 879].

The owners of the property were not necessary nor indispensable parties here. Their only interest would be their right to grant or refuse consent to the sublease to respondent. This right does not appear on the face of the pleadings. The major lease from the owners is not in the record. The sublease of Mrs. Feichtmeir to respondent is a part of the record. To this is attached the written consent of the owners. It is in this sublease that we find the option to respondent for a renewal of the sublease. The written consent of the owners approves the contract of the lessees without any restriction or qualification. From this fact the trial court could draw the inference that the owners approved the option. They may have been proper parties to this controversy to the extent of protecting their right to object to the subletting if such right had been reserved to them in the major lease. But it is patent that they were not indispensable parties because the trial court, invoking the provisions of section 389 Code of Civil Procedure could save those rights without their appearance as parties.

Furthermore, if the major lease contained restrictions against a subletting, it was a matter of defense to be shown by proof. Since that lease was in the possession of the appellants, their failure to produce it justified an inference that the evidence was unfavorable to them, hence that it did not require the owner's consent to a sublease. To recapitulate— if the owners were necessary or indispensable parties that fact did not appear on the complaint, and appellants failed to show it by proper proof.

The argument is made that the complaint failed to state a cause of action because it did not plead false representations made to respondent, his reliance thereon, and his damage. This is not that kind of an action. The pleading of fraud

was merely a detail in the statement of facts leading to the second lease. Fraud is not essential to the judgment and may be dismissed from consideration.

The real issue in the case lies in the finding that Armin Feichtmeir was merely a dummy lessee, that the real lessee was Mrs. Feichtmeir and that the lease was taken in the name of Armin to defeat respondent's exercise of the option, and was held for the sole purpose of enabling Ralph Feichtmeir to occupy the entire premises for the barber shop and to use the profits in the support of his mother. The evidence fully supports these findings and we should not quibble over fraud, misrepresentations, or trusteeship. The findings of fact support the conclusion that respondent was entitled to a renewal of his sublease, and that the three named defendants were acting in concert to defeat that right. The chancellor had full power to make his judgment effective, and we find no error in the record or in the judgment.

Judgment affirmed.

Goodell, J., and Dooling, J., concurred.