[Civ. No. 20732. Second Dist., Div. One. Mar. 28, 1955.]

EVERFRESH, INCORPORATED (a Corporation), Respondent, v. WILLIAM GOODMAN et al., Appellants.

Robert E. Austin and John H. Helmick for Appellants.

Flam, Valensi & Rose and Stephen G. Valensi for Respondent.

DORAN, J.—As reflected in the record, it appears that plaintiff leased certain premises from the defendant in February, 1952, and subsequently, in response to a notice, quit the premises, leaving behind certain property which is the subject of the present action for conversion. Plaintiff retained a key and had access to the premises, and had informed defendant that an attempt was being made to sell the stored property in order to satisfy creditors.

Plaintiff's president testified that the corporation "had no real interest in the equipment, financially, because it was all under lien to the Federal Government"; that permission was given to leave the equipment there until the premises should be leased. When plaintiff visited the store in February, "the equipment was no longer there," and "Mr. Goodman informed me that he had disposed of it." It was plaintiff's testimony that the equipment had been removed without notice to plaintiff, and that part of it was sold, all without plaintiff's consent.

After trial without a jury, judgment was rendered in favor of plaintiff in the sum of $1,698, as the value of the property converted, with an allowance of $220 for rent. From this judgment defendants appeal, alleging as error that "(1). The plaintiff is not the real party in interest. (2). That the Bureau of Internal Revenue and the holders of conditional title contracts and other liens and interests were essential parties. (3). That the judgment should have fixed values on

each piece of property, and should have been for the return of the property or the value thereof."

The record fails to support appellants' contention that the action herein is not being prosecuted in the name of the real party in interest, as required by section 367 of the Code of Civil Procedure. It has long been established that ownership, either general or special, or the right to immediate possession, is all that is required to maintain an action for conversion, and it is not essential that plaintiff be the absolute owner. (*Bastanchury* v. *Times-Mirror Co.*, 68 Cal.App.2d 217 [156 P.2d 488].) Plaintiff is clearly within this category, and the fact that the federal government might have a lien covering the property or that conditional sale owners might have actual title, does not alter the situation. Appellant has cited no authority to the contrary.

 While it is true that under section 389 of the Code of Civil Procedure, "indispensable" parties must be before the court, such parties are those without which "a complete determination of the controversy cannot be had." No such situation exists in the instant case. As said in respondent's brief, "Appellant confuses indispensable parties with proper parties. Proper parties are not always necessary or indispensable parties. *Jones* v. *Feichtmeir*, 95 Cal.App.2d 341 [212 P.2d 933]." Neither the liens of the Bureau of Internal Revenue nor the claims of any conditional sale owners, were being adjudicated in the present action. Moreover, it appears that although appellant had knowledge of the liens in question, there was no objection to the matter by way of demurrer or answer.

The trial court found that there had been no abandonment of the property by the plaintiff, and determined the measure of damages from the testimony of expert witnesses. The record discloses no offer by the appellant to return any of the property, and as said in respondent's brief, had such an offer been made, plaintiff was not bound to accept it. The tort of conversion had already been committed, and the measure of damages under section 3336 of the Civil Code is the value of the property at the time of conversion.

The record discloses substantial evidence in support of the findings and judgment of the trial court, and no reversible error is apparent. Appellant's contentions are entirely without merit.

The judgment is affirmed.

White, P. J., and Drapeau, J., concurred.