469 P.2d 89

**UNITED BONDING INSURANCE COMPANY, a corporation, Appellant,**

v.

**John F. SWARTZ, Appellee.**

**No. 1 CA–CIV 1073.**

Court of Appeals of Arizona, Division 1.

May 12, 1970.

Shimmel, Hill & Bishop by Paul D. Carrier, Phoenix, for appellant.

Kaplan, Wilks & Abrams, by Kenneth L. Abrams, Phoenix, for appellee.

HATHAWAY, Judge.

The appellee, John Swartz, sued one Robert Brehmer, dba Valley Buyers, and the United Bonding Company, as surety on a motor vehicle dealer's license bond and its principal, Ivan James, dba Valley Buyers. The complaint alleged conversion of specified automobiles, fraud, and breach of contract. The matter was tried to the court sitting without a jury and the court found against the defendants on the conversion count and dismissed the fraud and breach of contract counts as to defendant United Bonding. No findings of fact or conclusions of law were requested or given. Only the defendant United Bonding Company appeals from the $2,775 judgment.

In early 1966, Robert Brehmer informed John Swartz that he was interested in going into the used car business and needed financing. He attempted to interest Swartz in either assisting him in finding a financial backer or coming in with him as a partner. Swartz and Brehmer entered into a "flooring arrangement" whereby Brehmer was to purchase automobiles valued at $300 or less and retain physical possession of the vehicles on his lot and attempt to resell them. Swartz was to finance the purchases at an interest charge of $25 per month per vehicle regardless of the amount of the purchase price involved. At the end of 30 days, Brehmer was to either repay the loan or pay an additional $30 as a carrying charge for an additional month. Swartz was to hold the title certificate as security.

Brehmer informed Swartz that he, Brehmer, and a partner, Wolfe, were going to lease a dealer's license from Ivan James. Pursuant to this arrangement, Swartz advanced various sums to Brehmer.

On July 30, 1966, Swartz sent a letter to Brehmer and James demanding payment of all unpaid notes and requested delivery of all vehicles which had been "floor plan-

ned." Shortly after receipt of the letter, James visited Swartz at his office where the problem was discussed. Subsequently Swartz brought this lawsuit for conversion of the vehicles and/or the proceeds of their sale, against Brehmer, James and the bonding company.

Appellant presents three questions for review, all questioning the sufficiency of the evidence to support the judgment. In considering them, we have examined the record in the light most favorable to sustaining the judgment.

First, in finding against the surety on Count One, the court concluded that the plaintiff relied on an actual or an apparent agency relationship between Brehmer and James. Defendant submits that no reasonable view of the evidence can support such a conclusion. On cross examination of James, the following testimony was given:

"Q. But you had procured the license with the knowledge that Mr. Brehmer was going to operate your business or a business under your license under the name of Valley Buyers at 1310 W. Van Buren?

A. True.

\*　　\*　　\*　　\*　　\*　　\*

Q. Mr. James, the sole purpose of your taking out this license on March 30, 1966 was to allow Mr. Brehmer to operate a business under your name, is that true?

A. Yes.

Q. And in fact he did operate such a business under the name that you used for your company, it that true?

A. Yes, this was to be a ninety day arrangement. His father was going to put in additional money so they could secure a bond."

James testified that after the business was opened, he would periodically go to the used car lot to pick up automobile titles and take them to the motor vehicle department to register them when cars had been sold, and that he spent a very small amount of time there. This testimony appears to be contradicted by earlier testimony given by

him at a hearing before the motor vehicle department, to the effect that he spend 95% of his time in the business.

Swartz knew that before going into the used car business, Brehmer was financially unable to put up the required $10,000 bond. Before entering into the financing arrangement, Brehmer informed Swartz that his partner was Ivan James and Brehmer gave Swartz the dealer's license number for Valley Buyers, being James' license, and the sales tax number. Swartz knew James as a reputable used car dealer. Swartz visited the premises and verified the existence of the license and bond to James. At that time, he had extended financing in an amount of $1,000 to $1,500.

■ It is quite clear that Brehmer was financially unable to go into the used car business on his own. James apparently recognized this and agreed to stake his name, license, and bond on the venture, thus putting James and Brehmer in business. James personally participated in the business to an extent difficult to ascertain from the conflicting record. We are of the opinion that this record does, indeed, support the trial court's conclusion that an agency relationship existed between James and Brehmer and that Swartz relied upon it.

■ It is next contended that no reasonable view of the evidence could sustain a conclusion that Brehmer acted within the scope of either actual or apparent authority when he entered into the transaction in question. Appellant argues, "that the sum total of the relationship was that of lessor and lessee of a motor vehicle dealer's license." This argument is self-defeating since it ignores the nature of the leased items—the motor vehicle dealer's license, buttressed by the bond. These very documents were the banner of authority for the car lot operation, bargained to Swartz by James. They proclaimed the dealership's authenticity and avouched its substance. Looked to and relied upon by Swartz, they unquestionably accomplished the only purpose for which they were leased—authority to operate as a motor vehicle dealer. That authority cannot now be denied.

■ Finally, appellant contends that the evidence does not show conversion. The plaintiff must plead and prove ownership or the right to possession of the property at the time of the alleged conversion. Pope v. National Aero Finance Co., 236 Cal.App. 2d 722, 46 Cal.Rptr. 233 (1965); Myers v. Stephens, 233 Cal.App.2d 104, 43 Cal.Rptr. 420 (1965); Barnes v. Witt, 207 Cal.App.2d 441, 24 Cal.Rptr. 545 (1962). The plaintiff needn't be an absolute owner, however, and the action will lie where there is either a general or a special ownership or the right to immediate possession. Everfresh v. Goodman, 131 Cal.App.2d 818, 281 P.2d 560 (1955).

The parties had agreed that Swartz would hold the titles as security until the automobiles were sold. Brehmer was then to deliver the money pertaining to the particular vehicle and pick up the title. Demand was made for the return of the vehicles and/or delivery of the proceeds from their sale. When Brehmer was unable to respond, Swartz looked to James.

■ The essence of conversion is the wrongful deprivation of the property from the owner. 89 C.J.S. Trover and Conversion § 3, p. 533. We are of the opinion that the record as outlined herein supports the judgment based on conversion.

The judgment is affirmed.

HOWARD, C. J., and WILLIAM C. FREY, Judge of the Superior Court, concur.

NOTE: Judge HERBERT F. KRUCKER having requested that he be relieved from consideration of this matter, Judge WILLIAM C. FREY was called to sit in his stead and participate in the determination of this decision.

NOTE: This cause was decided by the Judges of Division Two as authorized by A.R.S. § 12–120, subsec. E.