546 P.2d 1166

**EMPIRE FIRE AND MARINE INSURANCE COMPANY, a Nebraska Corporation, Appellant,**

v.

**FIRST NATIONAL BANK OF ARIZONA, a National Banking Association, Richard G. McDonald and Carol J. McDonald, husband and wife, McDonald Mountain Motors, Inc., an Arizona Corporation, Appellees.**

**No. I CA–CIV 3112.**

Court of Appeals of Arizona, Division 1.

March 16, 1976.

Rehearing Denied April 16, 1976.
Review Denied May 18, 1976.

158

Renaud, Cook, Miller & Cordova, P. A., by John H. Seidel, Phoenix, for appellant.

Streich, Lang, Weeks, Cardon & French by Robert E. Miles, Phoenix, for appellee First National Bank of Ariz.

## OPINION

HOWARD, Chief Judge.

On October 19, 1973, James Jackson and his wife purchased a 1972 Ford Torino from Flagstaff Dodge. The parties signed a conditional sales contract which was subsequently assigned to the First National Bank of Arizona. The bank properly protected its security interest by having its name noted on the certificate of title of the vehicle.

On November 26, 1973, in connection with the purchase of another automobile from McDonald Mountain Motors, Inc., the Jacksons traded in the Ford Torino. As part of the consideration for this transaction, McDonald Mountain Motors, Inc., agreed to pay to the bank the balance of $3,416.22 owed by the Jacksons on the con-

tract. McDonald Mountain Motors, Inc. paid neither the first payment which was due on December 3, 1973, nor the balance, but instead, on December 15, 1973, sold the Ford Torino to a Mr. Thomas for the sum of $2,895 and kept the proceeds of this sale. McDonald Mountain Motors, Inc. was aware of the bank's security interest and did not have the bank's consent to sell or transfer the vehicle.

McDonald Mountain Motors, Inc. was not a stranger to the First National Bank. In 1971, the company had executed a "continuing guarantee" in the bank's favor which was still in effect at all times herein.

Appellant Empire Fire and Marine Insurance Company had issued a motor vehicle dealer's bond pursuant to A.R.S. Sec. 28–1305(B) in the amount of $10,000 for the benefit of any person suffering any loss by reason of any unlawful act of its principal, McDonald Mountain Motors, Inc.

The bank brought this action in two counts, one based on the continuing guarantee and the other for the conversion of the vehicle. The trial court granted the bank's motion for summary judgment and entered judgment in the bank's favor and against appellant for the sum of $2,895, the value of the Ford Torino on the date of its sale to Thomas.

The only question on review is whether McDonald Mountain Motors, Inc. committed an unlawful act when it sold the car to Thomas. We answer this question in the affirmative.

■ The term "an unlawful act" does not necessarily mean a criminal act; it means a tort or any wrongful act (not involving a breach of contract) for which a civil action will lie. A conversion constitutes an unlawful act. *Commercial Standard Insurance Company v. West*, 74 Ariz. 359, 249 P.2d 830 (1952). Conversion is an offense against possession of property. In order to maintain an action for conversion the plaintiff must show that at the time of the conversion he was in possession of the property or was entitled to the immediate possession thereof. *Time Plans, Inc. v. Wornall Bank*, 419 S.W.2d 491 (Mo.App.1967); 89 C.J.S. Trover and Conversion §§ 3, 117, pps. 433 and 610. A secured party has, on default, the right to take possession of the collateral. A.R.S. Sec. 44–3149. On the date the car was sold to Thomas the contract was in default and the bank had the right to its possession. The sale to Thomas therefore constituted a conversion.

Appellant's reliance on the case of *Autoville Inc. v. Friedman*, 20 Ariz.App. 89, 510 P.2d 400 (1973) is misplaced. In that case the plaintiff had no ownership or security interest in the property nor did he have any right to the possession of the property. The only relationship between the parties was that of debtor and creditor based upon a contract.

■ Appellant's argument that the recovery was based upon the breach of contract is without merit. The existence of the continuing guarantee agreement does not prevent the bank from recovering a judgment based on conversion.

Affirmed.

KRUCKER and HATHAWAY, JJ., concur.

NOTE: This cause was decided by the judges of Division Two pursuant to A. R.S. Sec. 12–120(E).