698 P.2d 212

**WOUDENBERG LEASING COMPANY, INC., an Arizona corporation, Plaintiff-Appellee,**

v.

**MERCHANTS MUTUAL BONDING COMPANY, a corporation, Defendant-Appellant.**

**No. 1 CA–CIV 7494.**

Court of Appeals of Arizona, Division 1, Department A.

Dec. 4, 1984.

Order Jan. 31, 1985.

Reconsideration Denied Jan. 31, 1985.

Review Denied April 9, 1985.

Earl Terman, Scottsdale, for plaintiff-appellee.

David A. Groseclose, Cohen, Groseclose & Meissner, Phoenix, for defendant-appellant.

BROOKS, Judge.

This appeal is from a summary judgment which the trial court granted in favor of Woudenberg Leasing, Inc. (Woudenberg) and against Merchants Mutual Bonding Company (Merchants). The issue is whether A.R.S. § 28–1305, which is incorporated into an auto dealer's bond, should be construed to protect a seller-consignor from losses suffered by reason of the wrongful act of the dealer-consignee in converting proceeds of the sale.

Woudenberg leased a 1975 Bentley to A & G Classic Cars (A & G). Woudenberg authorized A & G to sell the vehicle but Woudenberg was to retain title until it received the proceeds of the sale. A & G had a licensing bond in effect with Merchants in the sum of $25,000 pursuant to A.R.S. § 28–1305. A & G eventually sold the vehicle and received the funds from that sale but never tendered the funds to Woudenberg.

Woudenberg sued A & G, Richard D. Hovey and Patricia A. Hovey (President and General Manager of A & G) and Merchants seeking to recover damages for conversion. The trial court granted summary judgment in favor of Woudenberg and against Merchants in the sum of $22,494.75.

A.R.S. § 28–1305 requires motor vehicle dealers to be bonded. The statute provides, in pertinent part:

B. The bond inures to the benefit of any person who suffers loss because of:

\*    \*    \*    \*    \*    \*

2. The dealer's failure to deliver in conjunction with the sale of a vehicle a valid vehicle title certificate free and clear of any prior owner's interests and all liens except a lien created by or expressly assumed in writing by the buyer of the vehicle.

This statute, enacted in 1981, narrowed the scope of the bond coverage from the prior wording of the statute which read:

> The bond shall inure to the benefit of any person who suffers loss by reason of any unlawful act of the licensee.

We agree with the appellant's argument that the harm protected by the bond arises only by virtue of the dealer's failure to deliver to a buyer a valid certificate of title. The statute is clear on its face and does not require interpretation. Woudenberg's injury resulted because A & G failed to remit the proceeds of the sale. The statute does not apply to this situation.

Woudenberg argues that the bond inures to the benefit of "any person who suffered a loss ... in conjunction with the sale of a vehicle" wherein the dealer failed to deliver a valid vehicle title certificate. It argues that the statute applies to protect a seller-consignor who incurred a loss because the dealer-consignee converted the proceeds of the sale on consignment. We find that a seller-consignor is not within the class of persons intended to be protected by the bond requirement. *See Insurance Company of North America v. General Electric Credit Corporation*, 119 Ariz. 97, 579 P.2d 601 (App.1978).

*Autoville, Inc. v. Friedman*, 20 Ariz. App. 89, 510 P.2d 400 (1973), also involved conversion of the proceeds of the sale of an automobile. This court found, under the prior statute, that the injured party could collect on the dealer's license bond up to the amount of the bond. The scope of the statute before us, however, has been narrowed. The dealer's license bond no longer inures to the benefit of any person injured by reason of "any unlawful act" of the licensee. The statute is clear and does not apply to the loss suffered by Woudenberg.

For the foregoing reasons, we reverse and remand the matter for proceedings consistent with this decision.

HAIRE, P.J., and GRANT, J., concur.

ORDER

Appellant's motion for reconsideration was considered by the Court, Judges J. Thomas Brooks, Levi Ray Haire and Sarah D. Grant participating.

The court notes that the language of former A.R.S. § 28–1305, upon which appellant relies, was specifically stricken by the legislature when the statute was amended in 1981. Thus, the former statute no longer exists.

IT IS ORDERED granting the motion for reconsideration insofar as it requests that the memorandum decision of this court be redesignated and issued as a published opinion.

IT IS FURTHER ORDERED that the motion for reconsideration is otherwise denied.