**In re A & E PRODUCTS, LTD., a limited partnership; John Adkisson, and Roger Erickson, Debtor(s).**

**CAPISTRANO NATIONAL BANK, Plaintiff(s),**

v.

**A & E PRODUCTS, LTD., a limited partnership; John Adkisson, and Roger Erickson, Defendant.**

**Bankruptcy No. SA 84–01023 RP. Adv. No. M5–0195.**

United States Bankruptcy Court, C.D. California.

April 2, 1985.

Thomas Vance, Laguna Hills, Cal., for Capistrano National Bank.

Russell W. Graef, Santa Ana, Cal., for John Adkisson.

Robert H. Stopher, Santa Ana, Cal., for other defendants.

## MEMORANDUM OF OPINION

RALPH G. PAGTER, Bankruptcy Judge.

The moving party's motion for relief from stay came on regularly for hearing on February 26, 1985 before the undersigned bankruptcy judge. Plaintiff was represented by Thomas Vance and defendant John Adkisson, was represented by Russell W. Graef, and the other defendants were represented by Robert H. Stopher. At that time, the parties were given ten days to submit an additional trial brief on the issue of "the one judgment rule—is the claim secured?" The parties having done so, the court now rules as follows:

## FACTS

1. On July 1, 1982, moving party loaned responding parties the sum of $25,000.

2. The indebtedness was secured by the accounts receivable, all accounts, general intangibles, equipment, furniture, furnishings, machinery, and tools of the responding parties.

3. Responding parties reduced the principal amount of said indebtedness to $18,750 by a payment.

4. Responding parties failed to make the payment due December 29, 1982, or any subsequent payment.

5. On June 24, 1983, moving party filed an Amended Complaint for Breach of Contract, Recovery of Possession of Personal Property, Action on Guarantee, and Injunctive Relief, against the defendants in the Orange County Superior Court.

6. The second cause of action of that complaint was for recovery of possession of personal property.

7. The security agreement referred to in the second cause of action is the same security agreement set forth in this motion for relief from stay.

8. On October 6, 1983, moving party obtained a default judgment against the defendants (responding parties herein) jointly and severally in the sum of $18,750, principal $3,333.73 interest, $2,643.75 attorney's fees, and $1,863.50 costs. The judgment is silent on the second cause of action.

9. Moving party then obtained a Writ of Execution under its judgment and attempted to levy on the properties of responding parties, including the property which is the subject of this security agreement.

10. Defendants subsequently filed separate petitions in bankruptcy and nothing has been paid on account of said judgment.

## ISSUE

The basic issue to be decided is whether moving party is a secured creditor entitled

to relief from stay, or whether its security interest survived its judgment.

## DISCUSSION

In addition to reviewing the briefs submitted by the party, the court has done substantial research on its own, including the cases cited in the Uniform Commercial Code Case Digest, and the California Uniform Commercial Code. It is interesting to note that the Official Digest of the Reporters for the California Commercial Code indicate that the remedies of 9501 are in the disjunctive. The comment provides:

"In general the secured party's debt may be satisfied after default by:

(1) Reduction in the claim to judgment and execution (Commercial Code § 9501(5));

(2) foreclosure on or enforcement under any available judicial procedure (Commercial Code § 9501(1));

(3) retention of the collateral (Commercial Code § 9505); or

(4) disposition of the collateral in a commercially reasonable manner. (Commercial Code § 9504)."

The overwhelming bulk of the cases researched indicate that despite the use of the word "or" by the drafters of the California Code comment, as the last sentence of UCC § 9501(1) provides:

"The rights and remedies referred to in this subdivision are cumulative."

However, one Arizona Appellate Court case, *Insurance Company of North America v. General Electric Credit Corporation*, 119 Ariz. 97, 579 P.2d 601 (1978) held that while the remedies provided a secured creditor by the Code are cumulative, the secured party at some point must choose which remedies he will pursue. None of the cases is on all fours with the case at bar in as much as none of the cases included a similar set of facts where the secured party sued on their security agreement, but abandoned that claim in favor of an inpersonam claim only. As the overwhelming bulk of the cases cited provide, the above last-quoted sentence of § 9501 is not ambiguous and was intended to over-

rule the application of the doctrine of election of remedies to security agreements, and actions to enforce the same or to enforce the underlying obligation. If the secured party herein would not be barred by the doctrine of election of remedies from proceeding to enforce its security agreement had it simply sued on the note only, should the result be different solely because its state court complaint included a second cause of action for possession of its security? While the better procedure would have been for moving party to have obtained a judgment which gave it a Writ of Possession, nevertheless I hold that its failure to do so does not negate its security agreement. I therefore hold that it had a valid security agreement.

The final issue raised by the documents before the court is whether plaintiff is entitled to relief from the automatic stay. The only evidence offered on the value of the moving party's security was an allegation in its verified amended complaint in the superior court suit wherein it alleged that the collateral had a reasonable value of $75,000. The court considers this evidence stale and of no legal effect. Since 11 U.S.C. § 362(g)(1) provides that the moving party had the burden of proof as to equity, the court could simply deny the motion for failure of the moving party to sustain its burden of proof on this issue. That would only result in a new motion being filed. Accordingly the court will direct the parties hereto to obtain a new hearing date from the court's calendar clerk, if they are unable to agree on the issue of what equity the debtor has in the property which the moving party seeks to seize.