Opinion
LEE, P. J.
The judgment is affirmed.
On June 15, 2000, plaintiff Anna Lou McAtee filed a complaint for breach of contract against defendant Realty Executives. The complaint alleged that there was a written contract between the parties, under which plaintiff would sell homes for defendant on commission, but defendant breached the contract about June 30, 1996, by paying plaintiff’s commission, in the amount of $8,513.10, to another person without plaintiff’s consent. Defendant filed an answer to the complaint on July 12, 2000, denying the allegations of the complaint and alleging that its written contract was with plaintiff’s husband, Ron McAtee (McAtee), not plaintiff, and plaintiff was not entitled to commissions.
The record on appeal contains a minute order reflecting proceedings on October 7, 2002, in which defendant’s counsel announced an intention to move to dismiss the complaint on statute of limitations grounds.[1] The matter went forward as a court trial on January 7, 2003, and was concluded that day. *Supp. 4 On the same day, the court issued a judgment in favor of plaintiff, awarding damages in the principal amount of $8,513.10, as well as costs in the amount of $90. On January 27, 2003, defendant filed a motion for reconsideration. The motion was supported by a declaration of McAtee, wherein it was alleged that plaintiff was entitled to part of McAtee’s commissions under a property agreement related to divorce proceedings, but that plaintiff “severed business relations” with McAtee on March 6, 1996. Numerous documents were included in the motion, although they were not individually described or discussed in the memorandum of points and authorities or McAtee’s declaration. The record on appeal does not contain minutes of the trial; it does, however, contains minutes reflecting the hearing and denial of the motion for reconsideration.
On January 30, 2003, defendant filed a notice of appeal of the January 7, 2003 judgment. On February 7, 2003, defendant filed a “Notice of Designation of Clerk’s Transcript on Appeal [California Rules of Court, Rule 5(a)] and Notice of Designation of Reporter’s Transcript [California Rules of Court, rule 4][.]”[2] (Full capitalization omitted.) Included in the requested documents were “Minutes of Proceedings of January 7, 2003.”[3] The designation requested that proceedings on January 7, 2003 “be included in a Reporter’s Transcript (electronically recorded, Index Number TR1/11,972)[.]” On May 20, 2003, defendant filed a “Notice of Deposit of Reporter’s Transcript of Proceedings.” (Full capitalization omitted.) It provided that “an original and certified copy of the Transcript” for proceedings on January 7 and March 3, 2003, were deposited with the court. Each transcript contains a statement by a reporter stating that it was prepared from audiotapes. The reporter certified that she had “no interest in the event of the action.” The transcripts are not certified by the trial court, or by anyone else, as accurately representing proceedings in court on the indicated dates.
ISSUES ON APPEAL
After reciting in detail evidence at trial, defendant presents the following as issues in this appeal: (1) whether plaintiff’s action was barred by the statute of frauds; (2) whether plaintiff’s failure to amend the complaint to conform to proof precluded recovery against defendant; (3) whether plaintiff’s claims *Supp. 5 were barred by the applicable statutes of limitations; and (4) whether plaintiff’s claims were barred under principles of res judicata.
DISCUSSION
Although defendant purports to provide this court with an official reporter’s transcript to constitute a record of trial proceedings, we do not have a record of trial proceedings that permits us to consider defendant’s contentions on appeal. Among other things, the purported transcript lacks a certification by the trial court that its contents accurately reflect trial proceedings. As indicated in the following discussion, although defendant could have provided us with a record adequate to consider its contentions on appeal, it did not do so.
Rule 124(a) of the California Rules of Court sets forth the procedure to be followed “[w]hen an appellant desires to present any point which requires a consideration of the oral proceedings . . . .” Within 10 days after the filing of the notice of appeal, appellant files a notice to prepare a reporter’s transcript. (Ibid.) Within 10 days thereafter, the reporter gives appellant an estimate of the costs of preparation of such transcript. (Ibid.) Within 10 days of notice of the estimate, appellant deposits payment of the estimate with the court. (Cal. Rules of Court, rule 124(c).) Within 20 days after notice that the fees for the reporter’s transcript have been paid, the reporter completes the transcript and files it with the court. (Cal. Rules of Court, rule 124(d).) After completion of the reporter’s transcript, “the clerk shall mail notice thereof to all parties, and within 10 days after mailing of such notice, any party may file a request for correction of such transcripts. If no request for correction is filed within such time, the clerk shall certify the record as correct.” (Cal. Rules of Court, rule 128(a).) If there is such a request, the trial court determines the request for correction and certifies the transcript. (Cal. Rules of Court, rule 128(b).)
In this case, however, trial proceedings were not reported by a court reporter. Thus, we cannot consider the purported transcript as a “reporter’s transcript.” Furthermore, such transcript lacks a certification by the trial court. We simply cannot accept the purported trial transcript as an accurate record of trial proceedings.
Rule 980.5(a) of the California Rules of Court governs proceedings “when a court has ordered proceedings to be electronically recorded on a device of a type approved by the Judicial Council or conforming to specifications adopted by the Judicial Council.” There is no record in this case that the trial court made such an order. Furthermore, the rule sets forth various requirements for official recordings, including the use of a “ ‘monitor,’ ” *Supp. 6 namely, “any person designated by the court to operate electronic recording equipment, and to make appropriate notations to identify the proceedings recorded on each reel . . . .” (Cal. Rules of Court, rule 980.5(b).) There is no evidence in the record that there was a monitor in this case. Also, the person transcribing the recording must execute an affidavit which, among other things, “identifies the reel or reels transcribed, or the portions thereof, by reference to the numbers assigned thereto and, where only portions of a reel are transcribed, by reference to index numbers or other means of identifying the portion transcribed . . . .” (Cal. Rules of Court, rule 980.5(f).) The affidavit by the transcriber of the tape does not provide such information.
Although the trial was neither reported by a court reporter nor recorded under rule 980.5 of the California Rules of Court, defendant still had the ability to provide us with a record of the testimony and evidence at trial. It could have provided such a record through either an agreed statement or settled statement. (Cal. Rules of Court, rules 126, 127.) Such a statement could have used the purported trial transcript either to summarize testimony or to recite actual questions and answers as appropriate. The parties did not, however, file an agreed statement, and defendant did not file a request for a settled statement. It is an appellant’s burden to furnish us with a record that is adequate to consider the contentions on appeal. (Ballard v. Uribe (1986) 41 Cal.3d 564, 574-575 [224 Cal.Rptr. 664, 715 P.2d 624]; Hamwi v. Citinational-Buckeye Inv. Co. (1977) 72 Cal.App.3d 462, 474 [140 Cal.Rptr. 215].)
The judgment is affirmed.
McKay (Patti Jo), J., and Wasserman, J., concurred.

 There is nothing in the record on appeal to indicate that defendant ever made such a motion.

 Rules 4 and 5 of the California Rules of Court, entitled “Reporter’s Transcript” and “Clerk’s Transcript," respectively, do not apply to appeals to the superior court appellate division from limited jurisdiction civil courts. Rather, rules 124 and 125 of the California Rules of Court, entitled “Reporter’s Transcript” and “Clerk’s Transcript And Original Papers,” are applicable to limited jurisdiction civil appeals.

 The record on appeal contains defendant’s notice of designation. Immediately next to the typed language of “Minutes of Proceedings of January 7, 2003” is a handwritten entry stating “none.” It is unclear who made such entry or what it was intended to signify. It may be an entry by a clerk in the clerk’s office below to reflect that there were no minutes prepared for that date or that such minutes, if prepared, were no longer available.