Filed 5/23/14  Conservatorship of Baylacq CA1/5

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

<table>
<tr><td>

Conservatorship of the Person and Estate of
GEORGE BAYLACQ.

LARRY MEREDITH, as Public Guardian,
etc.,

     Petitioner and Respondent,

v.

ROBERT BOURDET, JR.,

     Objector and Appellant.

</td><td>

A139763

(Marin County
Super. Ct. No. PRO-073426)

</td></tr>
</table>

George Baylacq suffered from dementia, and the Marin County Public Guardian (Public Guardian) was appointed as conservator of both his person and his estate. Kimberly Bourdet (Kimberly),[1] Baylacq's stepgranddaughter-in-law and primary caretaker, pled guilty to financial elder abuse by a caretaker.  At the time of the financial abuse, Kimberly was the trustee and named primary beneficiary of Baylacq's revocable trust.  Appellant Robert Bourdet, Jr., (Robert Jr.) was Baylacq's stepgrandson and Kimberly's spouse.  Robert Jr. was named successor trustee of Baylacq's trust.  He also was the named executor of Baylacq's pour-over will, with Kimberly named as successor. Subsequent to Kimberly's conviction, the Public Guardian filed a petition for substituted judgment to allow revocation of the trust and to make a new will for Baylacq, so that

_____

[1] Since several parties share a common surname, we use first names for identification and intend no disrespect.

1

neither Kimberly nor Robert Jr. could take from Baylacq's estate upon his death. Robert Jr. did not respond to the Public Guardian's petition or appear at the hearing where the trial court issued an order granting that petition. Baylacq passed away a few months later, and Robert Jr. later filed a motion to set aside the order on the grounds of inadvertence, excusable neglect, mistake or surprise. Robert Jr. alleged that he did not receive notice of either the petition or hearing. The trial court denied the motion after a contested hearing. We affirm.

## I.     BACKGROUND

On June 4, 2008, the Public Guardian was appointed, over Kimberly's objection, by the Marin County Superior Court as the conservator of the estate of Baylacq. At the time, Kimberly held durable powers of attorney for health care and financial matters for Baylacq, and she was the designated trustee of the George Pascal Baylacq Revocable Trust (Trust). In April 2010, Kimberly was arrested and charged with criminal financial abuse of Baylacq (*People v. Bourdet* (Super. Ct. Marin County, 2010, No. SC169294). On June 24, 2010, the court issued a letter of conservatorship making the Public Guardian conservator of both Baylacq's estate and his person. On March 4, 2011, Kimberly pled guilty to one count of financial elder abuse by a caretaker pursuant to Penal Code former section 368, subdivision (e).[2] Conditions of her probation included an order to pay restitution in the amount of $211,175 plus interest. On May 24, 2011, an amended letter of conservatorship was issued, providing the Public Guardian with authority to authorize

---

[2] At the time of Kimberly's plea, Penal Code section 368, subdivision (e) provided: "Any caretaker of an elder or a dependent adult who violates any provision of law proscribing theft, embezzlement, forgery, or fraud, or who violates Section 530.5 proscribing identity theft, with respect to the property or personal identifying information of that elder or dependent adult, is punishable by imprisonment in a county jail not exceeding one year, or in the state prison for two, three, or four years when the moneys, labor, goods, services, or real or personal property taken or obtained is of a value exceeding nine hundred fifty dollars ($950), and by a fine not exceeding one thousand dollars ($1,000), by imprisonment in a county jail not exceeding one year, or by both that fine and imprisonment, when the moneys, labor, goods, services, or real or personal property taken or obtained is of a value not exceeding nine hundred fifty dollars $950)." (Stats. 2009-2010, 3d Ex. Sess., ch. 28, § 9.)

2

administration of medications for treatment of dementia (Prob. Code, § 2356.5, subd. (c)).

On September 27, 2012, the Public Guardian filed a "Petition for Substituted Judgment to Exercise the Conservatee's Right to Revoke the George Pascal Baylacq Revocable Trust and Petition for Substituted Judgment to Make a Will" (Petition). The Petition alleged that the beneficiaries under the Trust and under a will executed May 27, 2004, and its codicil, included Kimberly and Robert Jr. To ensure that neither Kimberly nor her heirs, including Robert Jr., would inherit from Baylacq, the Petition sought authorization for the Public Guardian, as conservator, to exercise the conservatee's right to revoke the Trust, and any amendments, thereto under Probate Code section 2580, subdivision (b)(11), and an order authorizing the Public Guardian to execute a new will on behalf of Baylacq under Probate Code section 2580, subdivision (b)(13). The Petition identified Kimberly and Robert Jr. as persons to whom notice was required to be given under Probate Code section 2581. A notice of hearing accompanied the Petition, setting a hearing date of November 13, 2012 at 9:00 a.m. in Department C of the Marin County Superior Court. An attached service list included both Robert Jr. and Kimberly at an address of "47 Rowe Ranch Way, Novato, CA 94949."

Neither Kimberly nor Robert Jr. attended the November 13, 2012 hearing. Only counsel for the Public Guardian and the public defender as counsel for conservatee Baylacq appeared. The court made a finding that "notice of the hearing has been given in accordance with the law," found the allegations of the Petition to be true, and granted the Petition (Petition Order). The new will, executed on Baylacq's behalf, removed Kimberly and Robert Jr. as beneficiaries and left the estate to Baylacq's stepsons, Rene Bourdet and Robert Bourdet, Sr. Baylacq died on February 6, 2013. His new will was lodged with the court on April 3, 2013.

On May 13, 2013, Robert Jr. filed a motion to set aside the Petition Order (Motion) on the grounds that he was not aware of the hearing, that the Petition Order was not supported by the law or the evidence, and that his failure to object to the Petition was the product of excusable neglect, mistake and inadvertence. In a declaration attached to

3

his motion, Robert Jr. averred that "I did not receive the Notice of Hearing dated September 27, 2012. On May 6, 2013, I received a Notice of Hearing for June 10, 2013. I read in those papers about the order revoking the trust and the new will. I contacted [counsel] that day. The June 10 notice came in a single envelope addressed to Kimberly Bourdet and Robert Bourdet. [A true copy of the mailing label is attached to this Declaration as Exhibit A]." (Brackets in original.) The address on the mailing label attached to the declaration was "47 Rowe Ranch Way, Novato, CA 94949."

In opposition, the Public Guardian submitted the declaration of Michelle Schoonover, a probate specialist in the Marin County Counsel's Office. Schoonover declared: "On September 27, 2012, I served by mail a Notice of Hearing and [the Petition] to various individuals including Kimberly Bourdet and Robert Bourdet, Jr. at 47 Rowe Ranch Way, Novato, CA, 94949. Attached as Exhibit '1' is a true and correct copy of the Proof of Service of the Notice of Hearing and petition for substituted judgment executed by me on September 27, 2012." Exhibit 1 was Judicial Council Forms, form GC-020, with the notice of hearing on the first page, Schoonover's declaration of service under penalty of perjury on the second page, and the referenced service list on an attachment. Schoonover's proof of service stated that the notice of hearing had been served by mailing, to Robert Jr.'s address in Novato, on September 27, 2012. Schoonover also averred that she had served other notices by mail in this conservatorship matter to Robert Jr. and Kimberly at the same 47 Rowe Ranch Way address, and had never been notified by either party that there was a problem with mail delivery to this address. She attached three other notices she had served by mail to Robert Jr. and Kimberly at the Novato address on April 9, 2010, April 8, 2011, and April 30, 2013.[3]

The court heard the Motion on June 17, 2013. On the notice issue, Robert Jr. argued only that his declaration "rebuts the presumption of receipt." The court denied the

---

[3] The notice served by mail on April 30, 2013, was for a hearing on June 30, 2013, which Robert Jr. acknowledged receiving by mail on May 6, 2013.

4

Motion, stating that it had "read the respective filings related to the motion." The court also noted that the Motion was based on the fact that Robert Jr. "stated he was not aware of the hearing and didn't attend . . . pursuant to excusable neglect. [¶] The Court finds insufficient evidence to cause the Court to set aside the substitution of judgment on those grounds, noting that there are service documents in the Court's file that clearly show that notice was provided at the Novato address for [Robert Jr.], which was listed actually throughout the case file, and simply there is no evidence to rebut the issue of notice. So that's denied."

A written order denying the Motion was issued on July 8, 2013 (Motion Order). A notice of appeal for both the Motion Order and Petition Order was filed on September 6, 2013.

## II. DISCUSSION

A. *The Motion Order*

Code of Civil Procedure section 473, subdivision (b)[4] provides, in pertinent part, that "[t]he court may, upon any terms as may be just, relieve a party or his or her legal representative from a judgment, dismissal, order, or other proceeding taken against him or her through his or her mistake, inadvertence, surprise, or excusable neglect." The standard of review for such a motion is abuse of discretion. (*People ex rel. Lockyer v. Brar* (2005) 134 Cal.App.4th 659, 663 (*Brar*).) " 'A ruling on a motion for discretionary relief under section 473 shall not be disturbed on appeal absent a clear showing of abuse.' [Citation.]" (*Zamora v. Clayborn Contracting Group, Inc.* (2002) 28 Cal.4th 249, 257.) "Moreover, all presumptions will be made in favor of the correctness of the order, and the burden of showing abuse is on the appellant. [Citation.]" (*Brar*, at p. 663.)

Robert Jr. directs our attention to the policy of the law that controversies should be heard and determined on their merits. (*Fasuyi v. Permatex, Inc.* (2008) 167 Cal.App.4th 681, 694–703.) He also emphasizes that section 473, subdivision (b) is a remedial statute to be liberally construed and any doubts existing as to the propriety of setting aside a

---

[4] All further undesignated statutory references are to the Code of Civil Procedure.

5

default should be resolved in favor of a hearing on the merits. (*Berman v. Klassman* (1971) 17 Cal.App.3d 900, 909.) He correctly articulates the underlying policy, and because of this policy, " 'a trial court order denying relief is scrutinized more carefully than an order permitting trial on the merits.' [Citations.]" (*Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 980.) "Appellate courts are much more disposed to affirm an order when the result is to compel a trial on the merits than when the default judgment is allowed to stand. [Citation.]" (*Shamblin v. Brattain* (1988) 44 Cal.3d 474, 478.)

But on a motion for relief from default, the moving party still has the burden of showing that the neglect leading to default was excusable. " 'Neither mistake, inadvertence, or neglect will warrant relief unless upon consideration of all the evidence it is found to be of the excusable variety. [Citations.]' " (*Jackson v. Bank of America* (1983) 141 Cal.App.3d 55, 58.)

The evidence before the trial court presented a disputed question of fact. Robert Jr. alleged that he did not receive the mailed notice of hearing on the Petition. He is correct that his declaration was sufficient to rebut the presumption of receipt, under Evidence Code section 641.[5] Robert Jr. seems to assume, however, that his denial alone is sufficient to meet his burden. It is not.

"[A] claim of lost mail is not grounds for *automatic* relief from a default judgment. [Citation.]" (*Brar, supra,* 134 Cal.App.4th at p. 663.) " ' "[I]f the adverse party denies receipt, the presumption is gone from the case. [But] [t]*he trier of fact must then weigh the denial of receipt against the inference of receipt arising from proof of mailing and decide whether or not the letter was received.*" ' [Citation.]" (*Craig v. Brown & Root, Inc.* (2000) 84 Cal.App.4th 416, 422; see also *Bear Creek Master Assn. v. Edwards* (2005) 130 Cal.App.4th 1470, 1486; *Glasser v. Glasser* (1998) 64 Cal.App.4th 1004, 1010–1011.) In reply to Robert Jr.'s declaration, the Public Guardian submitted a sworn declaration from the individual responsible for service, who attested to proper

---

[5] "A letter correctly addressed and properly mailed is presumed to have been received in the ordinary course of mail." (Evid. Code, § 641.)

mailing of the notice to Robert Jr.'s correct address. Moreover, the declaration provided evidence of service of at least three other notices mailed to the same address both before and after the disputed notice without return, and with Robert Jr. expressly acknowledging receipt of the most recent. Although the presumption of receipt may disappear "where . . . it is met with contradictory evidence, inferences may nevertheless be drawn from the same circumstances that gave rise to the presumption in the first place. ([Evid. Code, § 604] ["[n]othing in this section shall be construed to prevent the drawing of any inference that may be appropriate"]; . . . .)" (*Craig v. Brown & Root, Inc.*, at p. 421.) The trial court considered the conflicting evidence and the court decided that issue adversely to Robert Jr.

When evidence presented below is conflicting, an appellate court must presume that " ' " 'the court found every fact necessary to support its order that the evidence would justify. So far as it has passed on the weight of evidence or the credibility of witnesses, its implied findings are conclusive." ' ' " (*Taylor-Rush* v. *Multitech Corp.* (1990) 217 Cal.App.3d 103, 110, quoting *Kulko v. Superior Court* (1977) 19 Cal.3d 514, 519, fn. 1, overruled on other grounds by *Kulko v. California Superior Court* (1978) 436 U.S. 84.) "[W]e defer to factual determinations made by the trial court when the evidence is in conflict, whether the evidence consists of oral testimony or declarations. [Citations.]" (*Ramos v. Homeward Residential, Inc.* (2014) 223 Cal.App.4th 1434, 1441.) On review we may not substitute our judgment for that of the trial court's express or implied findings if they are supported by substantial evidence. (*People ex rel. Dept. of Corporations v. SpeeDee Oil Change Systems, Inc.* (1999) 20 Cal.4th 1135, 1143.) The court clearly did not find Robert Jr.'s denial persuasive in the light of contrary evidence, and that credibility determination is binding on this court.

Robert Jr.'s reliance upon section 473.5 is no more availing. Unlike section 473, subdivision (b), which authorizes relief from any "judgment, dismissal, order, or other proceeding," section 473.5 only authorizes relief from "a default or default judgment" when "service of a summons has not resulted in actual notice to a party in time to defend the action." (§ 473.5, subd. (a).) The Petition Order was not a default or a default

7

judgment, and Robert Jr. has provided no authority supporting a conclusion that any order granting an unopposed motion or petition should be treated as "a default or default judgment" for purposes of section 473.5. Even if section 473.5 could be read to apply to these circumstances, the claim would still fail because the same abuse of discretion standard applies in this instance as well. (*Ellard v. Conway* (2001) 94 Cal.App.4th 540, 547; *Shamblin v. Brattain, supra,* 44 Cal.3d at p. 479.) The court found that, despite Robert Jr.'s denial, he had actual notice of the proceeding.

B.      *The Petition Order*

      1.      *Timeliness/Standing*

      The Public Guardian insists that any purported appeal by Robert Jr. from the November 13, 2012 Petition Order is untimely, and must be dismissed. A notice of appeal must be filed no later than 180 days after the date trial court enters an appealable order. (Cal. Rules of Court, rules 8.104(a)(1)(C), 8.104(e).) However, a motion to vacate the order or judgment, including a motion under section 473 may extend the time for appeal, but only if the motion to vacate or set aside *itself* was served and filed within the applicable time period for filing a notice of appeal. Thus, in order to extend the time for filing a notice of appeal from the underlying judgment, a section 473 motion must be filed at least within the outside time limit for filing a notice of appeal—180 days after entry of judgment in all cases. (*In re Marriage of Eben-King & King* (2000) 80 Cal.App.4th 92, 108–109.) The Public Guardian calculates the 180th day as May 12, 2013. While this calculation is correct, the Public Guardian ignores the fact that May 12, 2013, was a Sunday[6]—extending the filing date for the section 473 motion to Monday, May 13, 2013. (§ 12.) The later notice of appeal was therefore timely. Although the question was not addressed by the parties, we will also assume, without deciding, that Robert Jr., as a beneficiary under the Trust and the prior will, would have "party" standing to challenge the Petition Order. (*Estate of Zabriskie* (1979) 96 Cal.App.3d 571, 575 ["failure of a beneficiary who is aggrieved by the order to participate in the probate

_____

      [6] We take judicial notice of this fact. (Evid. Code, § 452, subd. (h).)

8

proceeding below does not deprive the beneficiary of the right to appeal from the order"].)

    2.    *The Petition*

Under Probate Code section 2580 et seq., the probate court has discretion "to order a 'substituted judgment' that authorizes a conservator on behalf of a conservatee to take necessary or desirable action to facilitate estate planning, when a reasonably prudent person in the conservatee's position would do so." (*Murphy v. Murphy* (2008) 164 Cal.App.4th 376, 383.) Probate Code section 2583 provides that, in deciding a motion for substituted judgment, the court must consider "all the relevant circumstances," which may include the 13 nonexclusive circumstances enumerated in that section. Among the factors a court may consider is "[w]hether a beneficiary has committed . . . financial abuse against the conservatee after the conservatee was substantially unable to manage his or her financial resources, or resist fraud or undue influence, and the conservatee's disability persisted throughout the time of the hearing on the proposed substituted judgment." (Prob. Code, § 2583, subd. (m).)[7] Probate Code section 2584 states: "After hearing, the court, in its discretion, may approve, modify and approve, or disapprove the proposed action and may authorize or direct the conservator to transfer or dispose of assets or take other action as provided in the court's order."

"[T]he substituted-judgment statute is designed, consistent with the Probate Code's conservatorship provisions as a whole, to protect the conservatorship estate for the benefit not only of the persons who will ultimately receive it from the conservatee or his or her personal representative but also (and perhaps primarily) of the conservatee himself or herself." (*Conservatorship of Hart* (1991) 228 Cal.App.3d 1244, 1253.) "The superior court's primary function under the substituted-judgment statute will be to make a decision (as the conservatee would if able) on the basis of information furnished to it. . . .

---

[7] Probate Code section 259, subdivisions (a)(1) and (c), also provide that a beneficiary under a will or trust *shall not* receive any property from a decedent's estate if found liable for physical abuse, neglect, or financial abuse of the decedent, who was an elder or dependent adult, and shall be deemed to have predeceased the decedent.

9

If there are issues of fact the court of course must determine whether the issues are material to the decision to be made and then resolve any issues it deems material." (*Id.* at p. 1254.) "When exercising its discretion in considering a substituted judgment petition, the trial court determines whether the information presented in the petition is sufficient or whether a full contested evidentiary hearing is required. [Citation.]" (*Murphy v. Murphy, supra,* 164 Cal.App.4th at p. 398.) Robert Jr. fails to show that the court abused its discretion.

First, Robert Jr. provides no record of the hearing on the Petition, and it was apparently unreported. He focuses his attack instead on the content of the Petition, without bothering to cite specifically to anything in the record beyond an exhibit attached to the Motion.[8] Robert Jr. argues that the Public Guardian failed to provide all relevant information to the probate court, that information presented under "information and belief" provided no factual basis for the court's determination, and that, had he received notice of the hearing, he would have presented evidence that Baylacq's existing estate plan represented his expressed intent. Robert Jr. alleges that the Public Guardian failed to do a complete investigation and present all of the facts to the court. However, we are not reviewing the sufficiency of the Petition. We review the court's order and the court's exercise of its discretion.

The standard of review for the Petition Order is abuse of discretion. (See *Conservatorship of McDowell* (2004) 125 Cal.App.4th 659, 665, disapproved on other grounds in *Bernard v. Foley* (2006) 39 Cal.4th 794, 816, fn. 14.) "The absence of a record concerning what actually occurred at the hearing precludes a determination that the court abused its discretion. [Citations.]" (*Wagner v. Wagner* (2008) 162 Cal.App.4th 249, 259 [discretionary relief under § 473(b)]; see *Vo v. Las Virgenes Municipal Water Dist.* (2000) 79 Cal.App.4th 440, 447–448 [discretionary attorney fee award]; *Jones v. Dumrichob* (1998) 63 Cal.App.4th 1258, 1264 [discretion as to reasonableness and good

---

[8] Robert Jr.'s opening brief on appeal (the only brief he filed in this court) appears to be largely a verbatim copy of the memorandum of points and authorities he submitted to the trial court in support of the Motion.

10

faith of § 998 settlement offer].) Although the hearing was apparently not reported by a court reporter, Robert Jr. still had the ability to provide this court with a record of the proceedings through either an agreed statement or a settled statement. (See Cal. Rules of Court, rules 8.130(h), 8.134, 8.137; *McAtee v. Realty Executives* (2004) 121 Cal.App.4th Supp. 1, 5–6.)

Robert Jr. also ignores the rule that "an appealed judgment is presumed correct, and appellant bears the burden of overcoming the presumption of correctness. [Citation.]" (*Boyle v. CertainTeed Corp.* (2006) 137 Cal.App.4th 645, 649–650.) "The [appellant] must affirmatively show error by an adequate record. [Citations.] Error is never presumed. It is incumbent on the [appellant] to make it affirmatively appear that error was committed by the trial court. [Citations.] . . . All intendments and presumptions are indulged to support [the judgment] on matters as to which the record is silent . . . .' [Citation.]" (*Rossiter v. Benoit* (1979) 88 Cal.App.3d 706, 712.) As a result, on appeal "the party asserting trial court error may not . . . rest on the bare assertion of error but must present argument and legal authority on each point raised. [Citation.]" (*Boyle v. CertainTeed Corp.,* at p. 649.) In addition, in the absence of a record of oral proceedings, Robert Jr. may not challenge the sufficiency of the evidence to support the trial court's rulings. (*Aguilar v. Avis Rent A Car System, Inc.* (1999) 21 Cal.4th 121, 132; *Navarro v. Perron* (2004) 122 Cal.App.4th 797, 801.) " ' "[I]f any matters could have been presented to the court below which would have authorized the order complained of, it will be presumed that such matters were presented." ' [Citation.]" (*Foust v. San Jose Construction Co., Inc.* (2011) 198 Cal.App.4th 181, 187.)

What the record before us shows is that at the November 13, 2012 hearing, the Public Guardian appeared and Baylacq was represented by counsel. The court had before it evidence that Robert Jr.'s spouse and cohabitant had abused her position as a fiduciary and caretaker for Balyacq and had wrongfully taken $211,175 from Baylacq's estate. At the time of the Petition, Baylacq's estate apparently had little left other than the judgment and order of restitution, only $50,600 of which had been paid. The court's files provided ample evidence of Baylacq's lack of capacity, including determinations that he required a

11

conservatorship of his person, as well as his estate, and that he suffered from dementia. The court's written order recites that "[a]fter *examining the petition and papers on file and hearing the evidence*, the Court finds that notice of the hearing has been given in accordance with the law, that all allegations of the petition are true, and the proposed transaction is fair and feasible, and that it is necessary and for the advantage of the Conservatee and his estate that the [Public Guardian] exercise the Conservatee's right to revoke the [Trust] and amendments, and to make a will of [Baylacq]." (Italics added.) Robert Jr. fails to meet his burden to establish error.

### III.    DISPOSITION

The November 13, 2012 Petition Order and the July 8, 2013 Motion Order are both affirmed.

_____
Bruiniers, J.

We concur:

_____
Simons, Acting P. J.

_____
Needham, J.

12